## WM. ·CAMERON & CO. v. BEACH.

No. 4100.   Opinion Filed January 26, 1915.

(146 Pac. 29.)

.MECHANICS' LIENS—Right to Lien—Contract With Owner.   Under
   section 3862, Rev. Laws 1910. the right to a materialman's
   lien depends upon a contract with the owner .of the property.
   The contract for the material may be made either with the
   owner or his duly authorized agent; but, in the absence of
   such contract, the lien cannot attach to the property or be
   enforced against it.

(Syllabus by Galbraith, C.)

*Error from District Court, Jackson County;*

*Frank Mathews, Judge.*   ·

Action by William Cameron & Co., a corporation, against
the Altus Opera Company, a corporation, and Cage Beach. Judg-
ment for defendant Beach, and plaintiff brings error.   Affirmed.

*Tisinger, Clay, Robinson & Hamilton,* for plaintiff in error.

*W. T. McConnell,* for defendant in error.   ·

Opinion by GALBRAITH, C.   This was an action by Wm.
Cameron & Co., a corporation, commenced to recover $290 on
account for lumber furnished the Altus Opera Company, and
to foreclose a mechanic's lien on lot 15, block 27, in the town of
Altus, owned by the defendant in error, Cage Beach. The Altus
Opera Company made default, and judgment was rendered
against it for the amount of the account.   Cage Beach denied
liability and the right to the lien.   The cause was tried to the
court and a jury, and a verdict returned in favor of Cage Beach.
Upon this verdict judgment was rendered denying the right to
a lien and canceling the lien statement filed with the clerk of
the district court.   From this judgment Wm. Cameron & Co
appeals.   ·

Error is assigned in refusing to instruct a verdict for the plaintiff: The evidence showed that defendant, Cage Beach, was the owner of lot 15, block 27, in the town of Altus, Jackson county, Okla., and that there was a livery stable located on this lot; that one J. G. Bickley and John C. Kirby owned the adjoining lot, and wished to get rid of the livery stable on lot 15. They made a proposition to the owner to lease lot 15 and the improvements thereon for a term of two years, with the understanding that they should remodel the building and convert it into an opera house. This proposition was accepted by Beach. Bickley and Kirby then organized a corporation known as the Altus Opera Company, which corporation took charge of the property and improvements and immediately thereafter remodeled the livery stable, transforming it from a house for the horse to an opera house—a house for the drama and song—and in so doing purchased the lumber from Wm. Cameron & Co. sued for in this action. No lease contract was ever made by Beach to Bickley and Kirby or the Altus Opera Company, although it appears that he agreed to make a lease contract for a term of two years for a rental of $75 per month; and it seems that the Altus Opera Company held the property for the term of the proposed lease and paid the rental therefor. It was not error for the court to deny the instructed verdict for the plaintiff, since the evidence showed that there was a controverted question of fact which should be determined by the jury, namely, whether or not there was such a contract between the owner and the materialman as would authorize a lien for the lumber furnished. Again, it is complained that the court erred in refusing to give the special instruction requested by the plaintiff. This was not error, for the reason that the instruction did not correctly state the law of the case. Again, it is complained that the court erred in giving the following instruction:

"If you should find from the evidence that the defendant, Cage Beach, leased lot 15, block 27, in the city of Altus, to the Altus Opera Company, and in said lease contract required, authorized, or empowered said Altus Opera Company to ac-

quire material to make alterations, repairs, or improvements in said building, or agreed to the making of the same so as to render the building on said lot suitable for an opera house, then in that event you should find for the ·plaintiff in such sum as you may find from the evidence said material and lumber used in said alteration, repairs, or improvements to be reasonably worth, not to exceed $290, provided you should find that plaintiff, within four months after the furnishing of the last material, filed a materialman's lien statement in the district court of Jackson county, as required by law."

We cannot agree with counsel that the giving of this instruction was prejudicial error, since it seems to be a reasonably fair statement of the law arising upon the issue in the cause. The statute (section 3862, Rev. Laws 1910) reads, in part, as follows:

"Any person who shall, under oral or written contract with the owner of any tract or piece of land, perform labor, or furnish material for the erection, alteration or repair of any building, improvement or structure thereon, * * * shall have a lien upon the whole of said tract, · * * * the buildings and appurtenances. * * *"

It will be observed that this statute makes the right to the lien depend upon a contract. It will be remembered that no right to the lien existed at common law, and that the right is wholly dependent upon the statute. *Keel v. Ingersoll,* 27 Okla. 117, 111 Pac. 214.

The right to a lien depending upon the statute, its scope, operation, and effect is measured wholly by the terms of the statute. *Christy v. Union Oil & Gas Co.,* 28 Okla. 324, 114 Pac. 740. While the right to the lien depends upon the statute, and the statute makes the right depend upon a contract with the owner, the contract need not necessarily be with the owner in person; it may be with his agent duly authorized. *Eberle et al. v. Drennan et al.,* 40 Okla. 59, 136 Pac. 162, 51 L. R. A. (N. S.) 68.

It was contended by the plaintiff in error that the Altus Opera Company was the agent of the owner of the property, and

as such authorized to contract for the material to make the improvements, and therefore the lien would attach under the statute. The agency was denied by Beach, and this was a fact that was submitted to the jury and their finding was against the contention of the plaintiff; and being supported by the evidence, as it is, the finding of the jury is conclusive. No attempt was made by the plaintiff to establish and enforce the lien against the lessees' interest in the building as might have been done under authority of *Crutcher v. Block,* 19 Okla. 246, 91 Pac. 895, 14 Ann. Cas. 1029.

The authorities cited and discussed in the brief of the plaintiff in error from other jurisdictions, and construing the different statutes, are not applicable to this case. It is established under the decisions of this court, construing the statute above quoted, that the right to establish and enforce a mechanic's lien depends upon a contract with the owner of the property. In the absence of such a contract, no right to the lien exists. The jury found that there was no contract with the owner in this case, and that finding is reasonably supported by the evidence, and therefore concludes the question in this court. We recommend that the exceptions be overruled, and the judgment appealed from affirmed.

By the Court: It is so ordered.