## LEE v. TONSOR et al.

No. 8194—Opinion Filed Dec. 5, 1916.

(161 Pac. 804.)

1. **Guardian and Ward—Management of Estate—Contracts—Validity.**

In the absence of specific authorization of the county court so to do, the guardian of a minor has no power to bind the real estate of his ward, or to create a lien thereon, by contract for labor and material for improvements made upon such estate.

2. **Mechanics' Liens—Nature of Right—Statutory Provisions.**

The right to a lien for labor and material going into improvements placed upon real estate is statutory, and is dependent upon a binding contract with the owner of the real estate, or with some one lawfully contracting with him, for such labor and material. Section 3862, Rev. Laws 1910.

3. **Guardian and Ward—Sales Under Order of Court—Power of Court—Debts of Estate.**

Under section 6364, Rev. Laws 1910, the power of the county court to authorize a guardian to mortgage the lands of his wards is limited to debts "for which such estate or any part thereof is then legally liable to be ordered sold."

4. **Same.**

An order of the county court purporting to authorize a guardian to mortgage the lands of his ward to secure debts that are not a lien against the estate, or for the payment of which the estate is not bound, is in excess of the power of the court and void, and a mortgage executed in pursuance thereof is a nullity.

5. **Judgment—Collateral Attack—Grounds—Invalidity of Judgment.**

Where it appears affirmatively from the face of the record that the court is without power to make the order that was made, such order is void and subject to collateral attack.

(Syllabus by Galbraith, C.)

Error from District Court, Tillman County; T. P. Clay, Judge.

Action by J. E. Lee against Glen Tonsor and others. Judgment for defendants, and plaintiff brings error. Affirmed.

Wilson & Roe, for plaintiff in error.

Mounts & Davis, for defendants in error.

Opinion by GALBRAITH, C. J. E. Lee, as plaintiff, commenced this action in the trial court against the defendants, Glen Tonsor, Estella Tonsor, and Mrs. Annie Tonsor, being the mother and two minor children, to recover judgment on a promissory note and to foreclose a real estate mortgage given to secure the same. There was no defense to the action by Mrs. Tonsor. The minors defended on the ground that the note and mortgage were void as to them because the execution thereof had not been legally authorized. It appears from the record that prior to the year 1906 the husband of Annie Tonsor, and the father of Glen and Estella Tonsor, died in Tillman county, Okla., and that at the time of his death he owned a quarter section of land located in that county, and that this land was inherited by the surviving widow and two minor children. A guardian was duly appointed for the minors, and some time during the year 1908 the mother and guardian contracted for and had a dwelling house and other improvements made upon this land, and, failing to pay for the same, the materialmen furnishing the lumber for such improvements and certain of the laborers who constructed the improvements filed lien statements claiming a lien against the land and the improvements; that the guardian, after these lien statements were filed, presented a petition to the county court of Tillman county

praying an order authorizing him to mortgage the land to take up the amount of the indebtedness so claimed. The petition was in the following form:

"In the Matter of the Guardianship of Glenn Tonsor and Estella Tonsor.

"The petition of John W. Goodwine, the guardian of the estate of Glenn Tonsor and Estella Tonsor, minor heirs of Frank Tonsor, deceased, respectfully represents and shows to the court that the said Frank H. Tonsor died intestate on or about the 1st day of December, 1906, and left certain real estate in this county, as shown by the inventory filed herein, to wit: The southwest quarter of section 35, in township 2 south of range 17, west of I. M.; that said Frank H. Tonsor left a surviving wife, namely, Anna Tonsor, also left two surviving children, to wit, Glenn Tonsor and Estella Tonsor, minors; that on or about January —, 1908, under contract with the guardian of said minor children and their mother, Anna Tonsor, certain improvements were made and material furnished for the improvements of said land, and work and labor performed and material furnished in the erection of a fence upon said land; that for said labor and material furnished as above specified the following mechanic liens were filed in the office of the clerk of the district court in and for said county of Tillman, to wit: On March 30, 1908, H. M. Marsh, for work and labor performed, the sum of $35.40; on March 31, 1908, N. W. Willinford, for work and labor, in the sum of $41.90; on March 22, 1908, Dascomb-Daniels Lumber Company, for material furnished, in the sum of $476.55; on May 28, 1908, C. F. Adair, for work and labor and material, $687.

"Wherefore your petitioner prays the court to grant authority to John W. Goodwine, guardian, to mortgage said real estate in the sum of $1,100, for the purpose of satisfying said existing lien."

"Dated this the 26th day of August, 1908.

"John W. Goodwine."

After hearing on the petition the judge made an order authorizing the guardian to join the mother of the minors in executing a mortgage to take up this indebtedness. That order was as follows:

"John W. Goodwine, as the guardian of the estate of Glenn Tonsor and Estella Tonsor, minors, having on the 26th day of August, A. D. 1908, presented to this court and filed herein his verified petition in due form, praying for an order authorizing him to mortgage the southwest quarter of section thirty-five (35) in township two (2) south of range seventeen (17) west of I. M. and it appearing to the court upon satisfactory proof that a copy of the order of this court entered herein on the 26th day of August, 1908, appointing the time and place for hearing said petition, was published for two successive weeks in the Frederick Leader, a weekly newspaper published within said Tillman county, as provided in said order, now, on this 20th day of September, 1908, at the time appointed for the hearing of said petition, it being a day of the regular July term of said court, comes said John W. Goodwine, petitioner, and the matter of said petition coming on regularly to be heard, the court, upon due examination and consideration of said petition, and after a full hearing upon the same, and due examination and consideration of the proofs and allegations of the parties interested, find from the evidence that to mortgage the said real estate belonging to said minors as prayed for in said petition and hereinafter particularly described is necessary and for the best interest of the minors and of all parties concerned.

"It is therefore ordered, adjudged, and decreed by the court that the said John W. Goodwine, as guardian of the person and estate of Glenn Tonsor and Estella Tonsor, heirs of Frank H. Tonsor, deceased, is hereby authorized and empowered to execute a mortgage upon the SW¼ of section 36 in township 2 south of range 17 west of I. M., to the amount of $1,100, and that said amount to be applied to liquidate the liens now existing thereon.

"Witness my hand and the seal of said court this 26th day of September, 1908.

"T. E. Campbell, Judge of the Court."

In pursuance to this order the guardian joined the mother in executing a note for the amount of this indebtedness, and also in the execution of a mortgage on this 160 acres of land to secure the note. That note was duly assigned to the plaintiff in error, who was the owner and holder thereof at the time of the commencement of this action. Judgment was rendered against the mother by confession for the amount of the note, and a decree of foreclosure of her interest in the land was adjudged, but the court found that the mortgage was not binding on the minors for the reason that the guardian was not authorized to execute the note and mortgage, and that the order of the county court relied upon for such authority, being in excess of the power of the county court, was a nullity. To review that finding and judgment the plaintiff in error has brought the case to this court.

The first question presented for consideration is whether or not the order of the county court authorizing the guardian to join in the execution of the note and mortgage was erroneous or absolutely void; it being conceded that this is a collateral attack upon that order, and that, if void, it may be rightfully challenged in this proceeding. It is contended on behalf of the plaintiff in error that the order is irregu-

lar and merely erroneous, and therefore is not open to collateral attack. Section 6364, Rev. Laws 1910, is relied upon for the authority of the county court to make the order in question. This statute reads as follows:

"The county judge may, upon petition supported by competent testimony showing that the best interests of the estate demand it, grant authority by order to administrators of * * * estates and to guardians of the estates of minors or insane persons to mortgage any real estate belonging to such estate: Provided, that in no instance shall authority be granted by such judge to any such administrator or guardian to mortgage such real estate for a greater sum than is necessary to pay the then existing debts and liabilities for which such estate, or any part thereof, is then legally liable to be ordered sold."

It will be observed that this statute limits the authority of the county judge in authorizing the real estate of the minors to be mortgaged to the amount that "is necessary to pay the then existing debts and liabilities for which such estate or any part thereof is then legally liable to be ordered sold." This limitation of the judge's authority raises the question as to whether or not the minors' interest in this estate was liable for any part of this indebtedness upon the showing made in the petition for the order under consideration.

It does not appear from the facts set out in the petition for the order that the lien claimants had any lien against the interest of the minors, in this land, or that any part of their land was subject to be ordered sold to pay any part of this indebtedness. The right to a lien for labor and material furnished for improvements is dependent entirely upon the lien statute: Section 3862, Rev. Laws 1910. This statute provides that:

"Any person who shall, under oral or written contract with the owner of any tract or piece of land, perform labor, or furnish material, * * * shall have a lien upon the whole of said tract or piece of land, the buildings and appurtenances. * * *".

The statute, it will be observed, makes the right to the lien depend upon a contract with the owner. Without a contract, no such lien can be created. No materialman or laborer can create a lien against property in the absence of an enforceable or legal contract with the owner, or with one who has such contract with the owner, for furnishing such labor and material. Darlington-Miller Lumber Co. v. James Lobsitz, 4 Okla. 355, 46 Pac. 481; Weaver v. Sells, 10 Kan. 609; Clark v. Hall, 10 Kan. 81.

It does not appear from the petition for the order that the guardian had any right to enter into a contract for the lumber and material in behalf of the minors. In fact, it appears from the face of the petition that he had no such authority. The guardian had no power to bind the estate of his wards in any manner or to create a lien thereon without specific authority from the county court so to do. In other words, he had no right to contract on behalf of the minors for the labor and material for the improvements without specific authority from the county court. It does not appear that he had this authority. It follows, therefore, that he had no right to bind the interest of the minors in the estate by such contract, and that no lien or enforceable obligation against such interest was created thereby. Donnell v. Dansby, 58 Okla. 165, 159 Pac 317; J. H. Cox & Co. v. O. E. Fisher, 61 Okla. —, 161 Pac. 171. It therefore appears affirmatively from the record that filing the lien statements created no lien against the minors' interest in this land, and that the same was not bound for any part of the indebtedness set out in the petition for the order, and that the order of the court attempting to so bind the estate of the minors was beyond the power of the court, and was therefore void and subject to collateral attack.

In Roth et al. v. Union National Bank of Bartlesville et al., 58 Okla. 604, 160 Pac. 505, in subdivision B of the syllabus, the court, considering this question, announces the following rule:

"Where the record in the case affirmatively discloses the facts to be such that such court is without [authority] to make the order or decree it assumes to make, the same is void, and therefore subject to collateral attack for want of jurisdiction, to the extent at least, that such court is without power to make the same."

For the reasons controlling the court in announcing the above rule, and the authorities upon which it is based, reference is here made to the opinion in that cause.

We therefore conclude that the judgment appealed from was right, and that the order of the county court in attempting to authorize the guardian to execute the note and mortgage, on the interest of the minors in this land, was beyond the power of the court to make, and therefore void, and that there was no error in the judgment appealed from, and that the same should be affirmed.

By the Court: It is so ordered.