## KETCH et al. COX et al.

No. 13045—Opinion Filed Jan. 7, 1925.

1. **Mechanics' Liens—Lien for Material—Necessity for Contract with Owner or Agent.**

The right to a materialman's lien depends upon a contract with the owner of the property. The contract for the material may be made either with the owner or his duly authorized agent; but, in the absence of such contract, the lien cannot attach to the property or be enforced against it.

2. **Same—Insufficiency of Evidence.**

An examination of the record shows that no evidence was offered even tending to show that the rigs were constructed under contract with the owner or with the agent of such owner.

(Syllabus by Ray, C.)

Commissioners' Opinion, Division No. 1.

Error from District Court, Stephens County; Cham Jones, Judge.

Action by J. D. Cox against C. S. Holly, Jake L. Hamon, and Frank L. Ketch. Judgment against Jake L. Hamon and Frank L. Ketch for foreclosure of a materialman's lien. Jake L. Hamon and Frank L. Ketch appeal. Reversed.

W. C. Stevens; F. R. Ellis, and J. H. Cline, for plaintiffs in error.

Wilkinson & Saye and H. W. Sitton, for defendants in error.

Opinion by RAY, C. This appeal is from a judgment foreclosing a subcontractor's lien for lumber and rig material furnished and used in the construction of rigs on an oil and gas lease. The contention is that the petition does not allege, and the evidence does not show, that the rigs were constructed under a contract with the owners, or that the material was furnished under contract with the owners, or with their agent.

This court has uniformly held that the right to a materialman's lien depends upon a contract with the owner.

"Under section 3862, Rev. Laws 1910, the right to a materialman's lien depends upon a contract with the owner of the property. The contract for the material may be made either with the owner or his duly authorized agent; but, in the absence of such contract, the lien cannot attach to the property or be enforced against it." Wm. Cameron & Co. v. Beach, 44 Okla. 663, 146 Pac. 29.

"The right to a lien for labor and material going into improvements placed upon real estate is statutory, and is dependent upon a binding contract with the owner of the real estate, or with some one lawfully contracting with him, for such labor and material." Lee v. Tonsor et al., 62 Okla. 14, 161 Pac. 804.

"A materialman has a lien under section 3862, Rev. Laws 1910, only where there is an enforceable legal contract with the owner of the premises sought to be charged with the lien." Gentry-Bowers Lumber Co. v. Hamill et al., 75 Okla. 210, 182 Pac. 687.

"Where a contract is made for the erection of a building, the contract price for the erection thereof constitutes a fund from which the subcontractors and those furnishing material to or performing labor for them are to be paid for their material and labor, and it is the duty of the owner and principal contractor to see that such fund is properly distributed to the persons entitled thereto." Hoggson Bros. v. Dickason-Goodman Lbr. Co., 81 Okla. 31, 196 Pac. 686.

It is contended, however, that it is alleged in the petition and shown by the evidence that the rigs were constructed under a contract with the owner and the material was furnished under an oral contract with the contractor. The evidence shows that the lumber and rig material were sold to C. S. Holly and used in the construction of rigs on the lease. The allegations of the petition upon which the plaintiff, defendant in error, based his right to foreclosure of the lien, are contained in paragraphs 1 and 2 of the petition, which are as follows:

"(1) That the times hereinafter mentioned, the defendants, Jake L. Hamon and Frank L. Ketch, were the owners of an undivided one-half interest in and to a certain oil and gas lease (describing the land.)

"(2) That on or about the ____ day of July, 1920, the defendant, C. S. Holly, a contractor for the defendants, Jake L. Hamon and Frank L. Ketch, entered into a verbal contract with the plaintiff, J. D. Cox, whereby the plaintiff agreed to furnish lumber, material, labor and oil well supplies for the purpose of erecting two derricks on the leasehold and premises described in paragraph one herein and belonging to Jake L. Hamon and Frank L. Ketch."

This allegation shows that Hamon and Ketch owned an undivided one-half interest in the lease, and that the lumber and material were sold to C. S. Holly, "a contractor, for the defendants, Jake L. Hamon and Frank L. Ketch." The petition contains no allegation that Holly constructed the rigs under a contract with Hamon and Ketch, or the contract price for the construction, if it be assumed from the allegations that such contract existed. The lien statement is to the same effect.

"That such lumber, material, supplies and labor were furnished and done in pursuance with a contract with C. S. Holly, the contractor of the owners of said leasehold, and was used and placed in the oil derricks and leasehold interests owned by said Jake L. Hamon, and Frank L. Ketch and described as follows, to wit:" (describing the land).

This claim is, in effect, the same as the allegation of the petition in this, that the material was sold to C. S. Holly, contractor, and contains no claim or allegation that C. S. Holly was under contract with Hamon and Ketch for the construction of the rigs.

There was no evidence offered even tending to show that the rigs were constructed by Holly under a contract with Hamon and Ketch, or either of them, or with their authorized agent. It is contended that the evidence, coupled with the admissions and allegations of the defendants' answer, are sufficient to sustain the judgment of the court. The plaintiff testified that after the lien claim was filed he had a conversation

with the defendant Ketch, in his office in Ardmore, in which Ketch stated that he had paid Holly for building the rigs, and showed him the checks given in payment, one for $3,300 and one for $2,692.

The answer of the defendants, after a general denial, alleged, in substance, that if the rigs were constructed by C. S. Holly under contract, by which Holly was to furnish the labor and material for the construction of the rigs, he had been paid in full and without any notice of the plaintiff's claim, which would not have been done if they had been given such notice.

We think no such admission was made, either by the statement of Ketch or the allegations contained in the answer. The allegation of the answer is that if they had a contract, as alleged in the petition, they had complied with it by payment without notice of the claim.

It is contended that the failure of the defendants, who had full knowledge as to whether there was a contract, in failing to offer any evidence was, in effect, an admission that the rigs were built under contract. Reliance is had on Moore v. Adams, 26 Okla. 48, 108 Pac. 392, and A. T. & S. F. Ry. Co. v. Davis, 26 Okla. 359, 109 Pac. 551. We think these cases are not applicable. In the instant case the court overruled the defendants' demurrer to plaintiff's evidence and the defendants elected to stand upon the demurrer, and judgment was entered for the plaintiff. This the defendants had a right to do. The question, therefore, is, Did the court err in overruling the demurrer to the evidence? No authority has been called to our attention where it has been held that any presumption can be indulged against a defendant for standing upon his right to test the sufficiency of plaintiff's evidence in the way provided by law.

Judgment is reversed with directions to grant the defendants a new trial.

By the Court: It is so ordered.