## McPHAUL v. FRANKLIN.

No. 16935—Opinion Filed Sept. 14, 1926.

(Syllabus.)

**Guardian and Ward—Mortgage of Real Estate by Guardian—Necessity for Order of Probate Court Showing Jurisdictional Facts.**

While county courts of this state have, under the Constitution, the general jurisdiction of a probate court, their jurisdiction is limited by statute in the matter of authorizing or approving mortgages by guardians of minors on real estate belonging to them. Unless the order of the probate court approving a mortgage or authorizing the execution of a mortgage by a guardian shows on its face that it is within the jurisdiction of the court as limited by the statute, in that the mortgage falls within some one of the purposes found in the statutory provision, a petition (or answer in the form of a cross-petition) seeking affirmative relief which pleads the mortgage and order approving same is subject to demurrer.

Error from Superior Court, Okmulgee County; J. H. Swan, Judge.

Action by Erella Franklin against T. C. McPhaul and others. Judgment for plaintiff, and the defendant named brings error. Affirmed.

C. E. Corbett, for plaintiff in error.

W. F. Schuermeyer, for defendant in error.

BRANSON, V. C. J. The plaintiff in error, T. C. McPhaul, presents herein, as against

the defendant in error. Erella Franklin, alleged erroneous rulings of the superior court of Okmulgee county, sitting at Okmulgee. The action in that court was, by the original petition filed, instituted by the said Erella Franklin against Montie Sampson, J. D. Robbins, and Jessie McCrackin. Briefly, the plaintiff alleged that she was the owner of a certain tract of land on which the first two named defendants had secured a mortgage and which had by them been assigned to the defendant Jessie McCracken, and on which mortgage there had been received to her benefit the sum of $700, which had been paid, with interest, although the face of the mortgage was $1,200; but notwithstanding the payment of the amount actually received, with interest, the mortgage had not been released. Her prayer was that her title be quieted as against each of the defendants by a cancellation of said mortgage and a judgment that neither of the defendants had any interest in the property by reason thereof.

On motion of the defendant McCracken, certain other parties were made defendants as having of record evidence of some right or claim to the land, among them the said T. C. McPhaul. The answer in the form of a cross-petition of the said McPhaul pleaded that he owned a mortgage upon the said land executed by one Steve Franklin as guardian of the said Erella Franklin while she was a minor, and that said mortgage had never been paid; that said mortgage had been executed by the said guardian with the approval of the county court in probate of Muskogee county, Okla., to secure money to school the minor, and that said court had jurisdiction in the matter of the guardianship of the plaintiff and her estate; that by reason of said mortgage and the approval thereof by the county court the plaintiff had no right to a cancellation thereof without its being fully paid, but that on the contrary the said McPhaul was entitled to a decree foreclosing said mortgage and for proper relief to enforce the collection of the money it was given to secure. Both the mortgage and the order of the probate court approving the same are attached to the said answer, and disclosed by the transcript. To this answer in the form of a cross-petition plaintiff's demurrer, duly interposed, was by the trial court sustained. On the final hearing of the cause judgment was entered as against the first named defendants granting the prayer of plaintiff's petition, and on the demurrer holding that the defendant McPhaul had no interest in the land by reason of his alleged mortgage. The plaintiff's title was quieted as against

all of the claims pleaded adverse to the plaintiff's. None of the defendants prosecute error save and except the defendant McPhaul. He is referred to herein as the defendant, and Erella Franklin as plaintiff.

The defendant asserts in this court alleged errors, but they all resolve themselves into the one question:

"Did the defendant plead a mortgage such as gave him any lien upon the land under the law?"

To repeat, it must be noted that the alleged mortgage was executed by Steve Franklin as guardian of the plaintiff while she was a minor. It is valid and binding by reason of the approval of the county court only in case the order of the court approving the same was within its jurisdiction. The power of county courts in probate to approve mortgages such as here upon land belonging to minors is limited by section 1260, C. O. S. 1921. The said section provides:

"The county judge may, upon verified petition supported by sufficient evidence showing that the best interest of the owners of real estate affected requires it, by an order, grant authority to the administrators or executors of the estate of deceased persons or to the guardians of the estates of minors, incompetents, or insane persons, to enter into contracts for and to renew or extend the time of payment of any mortgage or lien upon the real estate of such estate or ward, or to execute a new mortgage for the purpose of paying off and securing the release of any such mortgage or lien, provided that in no case shall such authority be granted to mortgage, or contract for the renewal or extension of any mortgage, for an amount greater than may be necessary to pay liens existing at the time such order is granted, including principal, interest, taxes and such reasonable expense as may be incident to perfecting such renewal or new mortgage."

It must be noted from said section that the court has no authority to authorize a mortgage except to pay liens existing at the time such order is made, including taxes. etc. The defendant in his answer pleads the order of the probate court, and there is nothing therein to disclose that the mortgage here drawn in question fell within such as said statute authorizes the county court in probate to approve and make valid on land of a minor. Under this condition of the pleading, the action of the trial court in sustaining the demurrer to the said answer or cross-petition was without error. In the case of Lee v. Tonsor, 62 Okla. 14, 161 Pac. 805, this court said:

"An order of the county court purporting to authorize a guardian to mortgage the lands of his ward to secure debts that are not a lien against the estate or for the payment of which the estate is not bound is in excess of the power of the court and void, and a mortgage executed in pursuance thereof is a nullity."

We hold that the answer in the form of a cross-petition filed by the defendant stated no cause of action for the assertion and foreclosure of a mortgage lien against the land of the plaintiff, but disclosed that such mortgage did not exist of record, and plaintiff was entitled to be relieved from the effect thereof in clouding her fee-simple estate in and to her property. The judgment of the trial court is in all things affirmed.

NICHOLSON, C. J., and MASON, PHELPS, LESTER, HUNT, and RILEY, JJ., concur.

Note.—See 28 C. J. p. 1180, §310; 12 R. C. L. 1145; 2 R. C. L. Supp. 1560; 4 R. C. L. Supp. 786.