## T. J. STEWART LUMBER CO. v. DERRY et al.

No. 16954—Opinion Filed Jan. 18, 1927,

Rehearing Denied March 1, 1927.

(Syllabus.)

1. Mechanics' Liens—Lien for Material—Necessity for Contract with Owner or Agent—Extent of Lien Where Contract with Lessee Alone.

Section 7461, C. O. S. 1921, makes the right of a materialman to a lien depend upon contract. Such contract may be either oral or written. If a lien is asserted against real estate, the contract must be made by the owner or by his duly authorized agent. Where a materialman seeks to assert a lien for material furnished to a lessee under an oral contract with such lessee, and it fails to appear that the lessee was constituted by the landowner as his agent to purchase the material, the lien of the materialman can extend no further than the improvements constructed out of the material furnished.

2. Same—Priority of Laborers' Lien Over Materialman's.

The judgment of the trial court in the instant case was rendered in part on a cross-petition filed by laborers on the product of their labor under sections 7470 and 7472, C. O. S. 1921. These sections gave them a prior lien to the lien of the materialman. and the court so held. This was not error.

3. Same — Materialman's Lien Against Lessee's Improvements—Priority of Lessor's Lien for Rent.

In the instant case, a lease was of record before the lessee purchased the material from the plaintiff lumber company. The lease gave the landowner a lien for his rent upon all improvements made upon the property. The judgment of the trial court gave the landowner a lien superior to the lumber company for the rent remaining unpaid.

Under the statute, this holding of the trial court is without error.

Error from District Court, Canadian County; T. G. Chambers, Judge.

Action by T. J. Stewart Lumber Company against Al Derry, C. H. Leske, and others. From a judgment establishing the priority of liens, the plaintiff brings error. Affirmed.

J. L. Trevathan, for plaintiff in error.

H. L. Fogg, for defendant in error C. H. Leske.

BRANSON, V. C. J.    Error is presented herein from the district court of Canadian county. The plaintiff in error, T. J. Stewart Lumber Company, a corporation, was the plaintiff below. The judgment of the trial court denied the relief prayed by it, and from this judgment it appeals.

Briefly. the facts are that defendant C. H. Leske was the fee owner of lots 12, 13, and 14, block 72, of the city of El Reno. Thereon was a brick building, which defendant Al Derry sought to use for moving picture show purposes. It was necessary to erect a stage, booth, and a raised floor in said building in order to use the same for that purpose. The said Al Derry secured a lease contract, in writing, from the said fee owner, for a period of years, in which was embraced permissive authority for the said Derry to make the necessary alterations to use said building for said purposes. This lease was placed of record in the office of the county clerk of Canadian county. The said Derry took up with the plaintiff the matter of furnishing lumber to make the said alterations in said building, and said company orally advised him that the lumber would be furnished. The total cost thereof was approximately $1,000. There is evidence that about half of the lumber had been furnished to the said Derry by the plaintiff, when the manager of the company presented to the said Derry an instrument, in writing which he requested to be signed, and as so signed, reads as follows:

"It is hereby stipulated by and between C. H. Leske, party of the first part, and Al Derry, party of the second part, as follows: Whereas, the party of the first part has leased to the party of the second part that certain building known as the Armory Building, located on lots 12, 13, and 14 in block 72, in the city of El Reno, Oklahoma, for the purpose of operating the same for a picture show, or theatre, and certain alterations and repairs being necessary to refit said building for such purposes.

"Now, therefore, it is hereby stipulated and agreed that the party of the second

part may make the necessary alterations and repairs on said building, and that the material and lumber therefor be purchased from the T. J. Stewart Lumber Company.

"Witness our hands this 12th day of November, 1923.

"   C. H. Leske,
         "Party of the First Part.
   "Al Derry,
         "Party of the Second Part."

The record discloses that this document was drawn by the plaintiff, delivered to the defendant Al Derry, with the request that he and the defendant Leske sign the same, accompanied with a statement that plaintiff wanted this merely to show the authority of the said Derry to make the alterations in the building in question.

Plaintiff pleads, as a basis for the lien which it seeks to assert against the realty, that the lumber was furnished under an oral contract. The record fails to show that the defendant Leske ever had any conversation of any character with any officer of the plaintiff corporation in regard to furnishing this lumber, so if there was such a contract as that alleged, it must have been made by the defendant Al Derry as the agent of the defendant Leske. No doubt, the defendant Al Derry made an oral contract with the plaintiff, and the record is clear that was before any of the material had been furnished, and also before the document above quoted was requested to be signed. The plaintiff can recover against the said Leske only on the theory that the said document made the said Derry the agent of the said Leske, with power to bind the said Leske by contract, in purchasing the material from the T. J. Stewart Lumber Company. There is no dispute that it was drawn by the plaintiff. Why it should have been drawn by the plaintiff, for the purpose Derry says was declared by the manager of the plaintiff in requesting its execution by the defendants Derry and Leske, to the effect that it was merely to show that the defendant Derry had authority to make the alterations, when there was a lease contract of record showing such authority given by Leske to Derry, does not appear. There is nothing, as we view this memorandum or stipulation, which made Derry the agent of Leske, with authority to bind him for the material, in the sense in which the statute requires that, before a lien can be asserted against real property, it must be furnished under a contract with the owner of the realty. Cahill-Swift Mfg. Co. v. Sayer, 72 Okla. 88, 178 Pac. 671. Section

7461, C. O. S. 1921, is the applicable provision of the statute. It provides:

"Any person who shall, under oral or written contract with the owner of any tract or piece of land, perform labor, or furnish material for the erection, alteration or repair of any building, improvement, or structure thereon * * * or who shall build, alter, repair or furnish labor or material for building * * * shall have a lien upon the whole of said tract or piece of land, the buildings and appurtenances. If the title to the land is not in the person with whom such contract was made, but is leased and unimproved, a lien shall be allowed on the buildings and improvements on such land separately from the real estate * * * and such lien shall follow said property and each and every part thereof, and be enforceable against said property wherever the same may be found.* * *"

As stated above, plaintiff pleads an oral contract. It therefore makes its position clear that it does not rely upon the above-quoted stipulation as a written contract between plaintiff and the landowner. The said stipulation, as we view the same, must have been drawn for one, and one purpose only, and that is, that the plaintiff, knowing the title to the realty was not in the defendant Derry, with whom it made the contract to furnish the material, wanted to protect itself in asserting a lien upon the improvements which Derry was placing in the building belonging to Leske, if the necessity arose. This, if necessary to be done, under the last clause of the above-quoted statute (section 7461).

The trial court evidently gave this memorandum this interpretation, and we think it is correct.

The judgment of the trial court, on the pleadings before it, allowed the plaintiff a pro rata lien with two of the defendants upon the improvements or material, separate and apart from the building or real estate. This was done, however, subject to the first lien of the defendants who claimed as laborers and performed the work in making the improvements.

As to this, the plaintiff insists that the laborers were not entitled to a prior lien. In this connection, we deem it sufficient to state that under section 7470, C. O. S. 1921, the liens so asserted for the labor performed were in full force and effect from the rendition of the labor. The lien statement or claim was filed as provided by law, before the material or completed product of the labor was in any wise changed or removed from the building.

Section 7472, C. O. S. 1921. gives such a lien on the product of their labor, and the fixtures involved herein, as they existed at the time the lien attached, constituted a concrete and finished product of their labor. In this respect we think the judgment of the trial court was without error. Wm. Cameron & Co. v. Beach, 44 Okla. 663, 146 Pac. 29.

Plaintiff further contends that the trial court erred in giving the defendant Leske a lien on the improvements for rent. We think that by proper analogy the judgment is sustained by the case of Cahill-Swift Mfg. Co. v. Sayer et al., 72 Okla. 88, 178 Pac. 671. and Davidson v. Jennings (Colo.) 60 Pac. 354.

The judgment of the trial court is in all things affirmed.

NICHOLSON. C. J.. and MASON, LESTER. HUNT, CLARK. and RILEY. JJ.. concur.

Note.—See under (1) 40 C. J. p. 90, §73; p. 95. §80; pp. 103, 104, §93; p. 117, §121; p. 276, §343; anno. 23 L. R. A. (N. S.) 601; L. R. A. 1917D, 577; 2 A. L. R. 795: 4 A. L. R. 685; 18 R. C L. p. 898. (2) 40 C. J. p. 284 §356. (3) 36 C. J. p. 486, §1441.