WHITFIELD et al. v. FRENSLEY BROS. LBR. CO.

No. 19261. Opinion Filed Jan. 7, 1930.

Commissioners' Opinion, Division No. 2.

Sigler & Jackson, for plaintiffs in error Whitfield and Deaton.

H. C. Potterf, Earl Q. Gray, and J. M. Poindexter, for defendant in error.

DIFFENDAFFER, C. Frensley Bros. Lumber Company brought this action in the district court of Carter county against Pat Whitfield and Travis Deaton to recover the sum of $1,132.46 for lumber and material alleged to have been furnished by plaintiff to defendants Whitfield and Deaton, for the construction of a dwelling house and a garage on a tract of land consisting of about 70 acres, under an alleged contract with defendant Whitfield, and to foreclose a materialman's lien on said land. The Maxwell Investment Company was made a party defendant on account of a mortgage executed to it after the date of the filing of the lien statement. Others were made defendants on account of certain alleged judgments of record in the district court in their favor against defendant Whitfield.

The petition alleged a contract with Whitfield to furnish the material, and that the material was furnished for construction of a building and improvements on the land between the 11th day of December, 1922, and the 2nd day of April, 1923. It alleged that Whitfield was the owner of the entire or partial interest in the land, and that whatever interest therein was not owned by Whitfield was owned by defendant Deaton, and that plaintiff was without knowledge and sufficient proof of the exact interest of each of the defendants in the property, and that the contract for the material was made by Whitfield with the full knowledge and approval of defendant Deaton and for and on behalf of both of them.

The original lien statement was filed on June 1, 1923, wherein a lien was claimed for $1,648.31, but certain corrections and credits were thereafter made and given, whereby the claim was reduced to $1,142.36.

The lien statement as filed did not set out the name of the owner or owners of the land, but named Whitfield as a "contractor." A demurrer was sustained to the petition. Thereafter, on October 2, 1925, plaintiff was granted leave to amend its petition and to amend the lien statement. The amended petition and lien statement were filed on that date. The amended lien statement named Pat Whitfield and Travis Deaton as the owners of the land, and Deaton as the record owner, and that Whitfield had full authority to act in the premises both for himself and defendant Deaton, and claimed a lien on the premises as against both Travis Deaton and Pat Whitfield. Separate demurrers were filed by defendants to the amended petition, which demurrers were overruled and separate answers were filed by defendants Whitfield and Deaton, and the Maxwell Investment Company and Hutchins. Deaton answered by general denial, and further alleged that he was the owner of the property described in the petition, and that he had never at any time authorized his codefendant Pat Whitfield to place any improvements on said property and no improvements had been placed thereon with his knowledge and consent. He further pleaded the statute of limitation as a bar to plaintiff's action upon the grounds that the original petition did not state a cause of action against him, and that the amended petition was not filed for more than one year after

the attempted filing of the lien statement, and that the original and amendment thereto were void.

Defendant Whitfield answered by general denial, and further alleged, in substance: That he had entered into a contract with plaintiff, whereby plaintiff had agreed to furnish all material necessary for the construction of the buildings mentioned in plaintiff's petition, the lumber to be of "B or better" grade, for the sum of $1,280; that plaintiff did furnish the material, etc., and that he had fully paid plaintiff the contract price therefor, except the sum of $380, which he alleged he had at all times been ready and willing to pay, but claimed as set-off and counterclaim $256 on account of alleged inferior grade of the lumber and material actually furnished. He also pleaded the statute of limitation.

Defendants Maxwell Investment Company and Hutchins filed their separate answer, which is, in effect, a general denial and an allegation, in substance, that their mortgage is a prior lien to the claim of plaintiff, based largely upon the alleged invalidity of the original lien statement filed by plaintiff, but no brief has been filed in support thereof, and their cross-petition in error may be treated as abandoned. However, they are not asking a foreclosure of their mortgage, and if the judgment is affirmed their claim must necessarily fail, since they allege that their lien was not acquired until April 17, 1923, which was after all material had been furnished by plaintiff.

Trial was had to a jury to the amount, if any, due plaintiff. All other questions were, by agreement of the parties, submitted to the court. A verdict was returned in favor of plaintiff and against both Whitfield and Deaton for the sum of $1,122.46. Thereafter, plaintiff waived its right to personal judgment against defendant Deaton, and judgment was entered on the verdict against defendant Whitfield. Plaintiff was decreed a lien upon the buildings, etc., separate from the land; the lien foreclosed and the buildings, etc., ordered sold to satisfy the judgment, together with an order allowing the purchaser to remove the same within a reasonable time after confirmation of the sale.

From this judgment and decree, defendants Whitfield and Deaton appeal, each filing a separate petition in error. From the decree denying plaintiff's lien upon the land, plaintiff filed a cross-petition in error.

While plaintiffs in error state in the beginning of their brief that separate arguments will be presented in reference to the rights of Deaton and Whitfield, the assignments of error are all presented together and treated as made on behalf of each. These parties will hereinafter be referred to as defendants and Frensley Bros. Lumber Company as plaintiff.

The first assignment of error is, that the court erred in overruling the demurrer of defendants to the amended petition. In support of this contention, defendants cite section 7461, C. O. S. 1921, the statutory basis for labor and materialman's lien, and Ketch v. Cox, 105 Okla. 283, 232 Pac. 732, and other cases therein cited, wherein it is held that the right to a materialman's lien depends upon a valid contract with the owner. We gather from the brief of defendants that they claim that plaintiff's petition did not allege a contract with the owner of the land to furnish the material. This contention is without merit, for the reason that the petition alleged a contract with Pat Whitfield, who represented himself to be the owner of the land, and further "allege and state that the said Pat Whitfield was the owner of said property and was such owner at the time of the filing of the action."

It is true that the amended petition further alleged that the record title to the land was in defendant Deaton at the time the contract was entered into, but the amended petition further alleges that, in making the contract, defendant Whitfield was acting for both himself and for Deaton, with the full knowledge and consent of Deaton. We think the amended petition sufficiently alleges that the contract was made with the owner of the premises. Of course, a different proposition is presented when we deal with the proof. It is further contended that because the original lien statement did not state who was the owner of the property upon which the lien was claimed, it was wholly void, and not subject to amendment after the expiration of the time allowed by law for the filing of the lien statement. In this connection defendants cite Blattner v. Wadleigh (Kan.) 29 Pac. 165, in which it was said:

"It will be noticed that, among other things, the section imperatively requires that the statement shall contain 'the name of the owner'", citing Newman v. Brown & Co., 27 Kan. 117, where it was said:

"But whatever might be the equities of the case, a mechanics' lien is a creature of statute, and he who would perfect one must follow the plain provision of the statute—otherwise, he must look to the man with whom he made his contract."

It is contended that, under these authorities and others cited therein, and Diamond Match Co. v. Sanitary Fruit Co. (Cal.) 234 Pac. 322, the original lien statement was absolutely void and created no lien and was not subject to amendment at the time the amendment was allowed. With this contention, we cannot agree.

It may be observed that Blattner v. Wadleigh, supra, and Newman v. Brown, supra, from the Supreme Court of Kansas, were both cases construing the mechanic's lien law of Kansas in effect prior to adoption in that state of the section allowing the amendment of mechanic's lien statement, from which our section 7478, C. O. S. 1921, was adopted, which provides:

"And in case of action brought, any lien statement may be amended by leave of court in furtherance of justice as pleadings may be in any matter, except as to the amount claimed."

In discussing the effect of the adoption of this section by the state of Kansas, from whence it was adopted in the territory of Oklahoma, Mr. Justice Bierer, in El Reno Elec. Lt. & Tel. Co. v. Jennison, 5 Okla. 759, 50 Pac. 144, said:

"If this provision authorizing amendments does not allow an amendment to be made after the time for filing the lien has expired, then it would just as well never have been written, for it would hardly seem to us that it could be contended with any degree of force that a person could not do that, if this part of the statute were out of it. So long as a party's time for filing a mechanic's lien had not expired, he could file as many statements in his effort to make a good lien as he chose, and certainly he could not be held to have exhausted his right by filing one or two or more imperfect statements. He might file half a dozen defective ones during that period, and then file one good and perfect one and recover on that, disregarding all of the others. But the trouble with the statute in its old form was that it gave no right to amend after the time had expired. This was a serious defect in the statute, and resulted in the defeat of meritorious claims for liens, upon purely technical grounds, and the statute was therefore changed and placed in the form in which the Legislature of this territory adopted it."

He then shows that the language of the provision, authorizing the amendment of a mechanic's lien, is similar to that allowing amendment of pleadings, and then says:

"* * * We hold the proper construction of this act to be that a mechanic's lien may be amended in any matter where, for similar reasons, a pleading could be amended, * * *

and it may be done, where the justice of the cause would warrant it, either before or after judgment. The amendment was properly allowed, and cured all the defects in the original statements."

Following this decision, this court has many times held that a mechanic's lien statement could be amended by leave of court, in furtherance of justice in any particular that a pleading could be amended, except as to the amount claimed, and that this could be done at any time in which a pleading may be amended.

The cases so holding are too numerous to be cited here. We hold that the amendment allowed was proper, and that there was no error in overruling the demurrer to the amended petition.

It is next contended that the court erred in instructing the jury that, if they should find that the material was furnished without any specific price to be paid therefor, then plaintiff would be entitled to recover the fair and reasonable value thereof, not to exceed the amount sued for.

It is asserted that plaintiff having declared upon a contract, it was error for the court to consider the question of quantum meruit. A number of cases are cited holding that where one relies upon a contract for a specified sum, he cannot recover upon the basis of quantum meruit. Such is not plaintiff's case. It was defendant Whitfield who pleaded and relied upon a contract to furnish all the material for the construction of the buildings for a specific sum. Plaintiff in its petition pleaded only a contract for furnishing material, with the alleged owner or owners of the property, as is required in enforcing a mechanic's or materialman's lien.

The theory of defendant Whitfield in this regard was submitted by a proper instruction covering his defense and the evidence offered in support thereof. The instruction complained of was given upon the theory of plaintiff and in accord with the plaintiff's pleadings and evidence. There was no error in this instruction.

At the trial, it developed that the record title to the land was in defendant Deaton at the time the material was furnished and the improvements were placed upon the land; that defendant Whitfield held possession thereof under a lease. After the verdict was returned, plaintiff waived personal judgment against defendant Deaton, but insisted upon its right to a lien upon the land and improvements upon the theory that defend-

ant Whitfield was the real owner of the land, and that . Deaton held the legal title merely for Whitfield. The court rendered a personal judgment in favor of plaintiff against defendant Whitfield, and made a finding that at the time of the commencement of the improvements, the land was vacant property, and that Whitfield held a lease thereon, and that regardless of plaintiff's right to a lien upon the land, it was entitled to a lien upon the improvements prior and superior to the liens claimed by defendants Maxwell Investment Company and Hutchins, and all other defendants. A lien upon the land was denied. Defendants assign this finding and decree as error, and contend that under the provisions of section 3862, Rev. Laws 1910, as amended by section 1, chap. 258, Session Laws 1919, wherein the provision:

"That where the person making such improvements or causing same to be made, holds a contract for title to real estate with the person in whom record title to said real estate rests, no lien shall attach to either the land or improvements without the written consent of the person in whom said record title is vested * * *"

—was inserted, the court was without jurisdiction to decree a lien and the foreclosure thereof in the absence of such assent in writing or a certified copy thereof being attached to the petition, as provided in said amendment.

This contention cannot be sustained. The case is clearly not within such proviso. There is nothing whatever in the record to show that defendant Whitfield held a contract with Deaton for title to the real estate.

Section 3862, supra, before the amendment of 1919, provided:

"If the title to the land is not in the person with whom such contract was made, but is leased and unimproved, the lien shall be allowed on the buildings and improvements on such land separately from the real estate."

This provision was not changed by the amendment of section 1, chap. 258, S. L. 1919. The only change therein by the amendment contained in chapter 54, S. L. 1923, is that the words, "but is leased and unimproved," were omitted. But the latter amendment was not effective until after all the materials involved herein were furnished.

Defendants contend, however, that there is no evidence in the record showing that the land was leased and unimproved. This contention cannot be upheld.

Defendant Deaton did not testify, but the record discloses that certain testimony given by him at a former trial was introduced by plaintiff, without objection, and seems to have been offered in lieu of the record evidence as to the lease. It was as follows:

"How did Pat Whitfield have possession of the property? He had a lease and held it under the lease? A. Yes, sir. There is a lease from the —— of record from you to Pat Whitfield, and instead of owning the land, he had possession under the lease? A. That was all. I offer that as testimony by the defendant Travis Deaton."

As to the condition of the land at the time the buildings were commenced, Mr. Mays, the carpenter who built the house, testified:

"By Mr. Gray: Q. You are the same Mr. Mays who testified yesterday, are you, Mr. Mays? A. Yes, sir. Q. I believe you stated you went out there and staked off the ground for this house? A. Yes, sir. Q. Was there any improvements on the property when you first went out there at all? A. I don't think so."

E. M. Robinson, a witness for plaintiff, testified:

"A. Well, I was out there two or three times. I wasn't out there until it was under construction quite a bit, possibly the roof was on. Q. Was there any other improvements out there except the house when you first went out there? A. No, sir. Q. Just the raw land, except for the house, was it? A. Yes, sir."

There was some evidence to the effect that the land, or a part of it, was fenced, and some of the land was in cultivation, but we think there is ample evidence tending to support the finding of the court. The land was clearly unimproved within the meaning of section 7461, C. O. S. 1921, and section 3862, Rev. Laws 1910. Certainly, the judgment in this respect is not against the clear weight of the evidence. Defendant further contends that the judgment is erroneous for the reason that the lien statement does not claim a lien upon the improvements separate from the land. There is no merit in this contention. Section 7461, C. O. S. 1921, does not require a separate claim, and we do not think one is required.

Plaintiff in its cross-petition in error assigns as error, refusal of the court to allow a lien upon the lands, and the failure of the court to find that defendant Deaton held no interest in the land, and, in failing to hold that, he was estopped to assert any interest therein as against plaintiff.

We have carefully examined the record, and are fully convinced that neither of these

assignments can be sustained. The evidence shows clearly that Deaton was the record owner of the land. There is no substantial evidence sufficient to show that he was not the real owner. Some facts and circumstances are shown. which perhaps are sufficient to arouse a strong suspicion that Deaton was, in fact, holding the land for Whitfield, but we are unable to say that the findings and judgment of the court are against the clear weight of the evidence.

The record discloses that defendant Deaton lived in Texas; that he was upon the premises at least once and probably two or three times while the improvements were being placed thereon. The record fairly discloses that he knew the house was being built upon the land, and plaintiff contends that on this account he is estopped from setting up his title in opposition to plaintiff's lien claim.

Plaintiff in support of its contention in this regard cites and relies upon the authorities cited in support of the rule stated in 27 Cyc. 73, as follows:

"It has been laid down that where the owner of property knows that improvements are being made thereon and acquiesces therein, or fails to make any objection thereto, his consent to such improvements will be implied, and he will be estopped to set up his title in order to defeat a mechanic's lien."

We have carefully examined all the authorities cited, and find that they, or nearly all of them, are based upon facts wholly different from the facts in the instant case. In those cases, it is shown that the owner stood by and saw the improvements placed upon his property with knowledge that the person or persons causing the same to be done were representing to the lien claimant that they were the owners of the premises, or with knowledge that the lien claimant was looking to the property only for the payment of his claim. There it was held to be the duty of the owner to speak and disclose his ownership, or object to his property being so charged. Here nothing of the kind is shown. It is not shown that defendant Deaton knew that defendant Whitfield was representing to plaintiff that he was the owner of the land. Neither is it shown that Deaton knew, or had any reason to know, that plaintiff was furnishing the material to Whitfield, expecting to rely wholly upon the premises as security for payment.

"Estoppel does not result from mere knowledge by the owner of the making of the improvements, not accompanied by any concealment or deceit on his part." 40 C. J. 95.

But in this state, it has been uniformly held that the right to a materialman's lien depends upon a contract with the owner. Ketch v. Cox, 105 Okla. 283, 232 Pac. 832; Wm. Cameron Co. v. Beach, 44 Okla. 663, 146 Pac. 29; Lee v. Tonsor et al., 62 Okla. 14, 161 Pac. 804; Gentry-Bowers Lbr. Co. v. Hammill et al., 75 Okla. 210, 182 Pac. 687; T. J. Stewart Lbr. Co. v. Derry et al., 122 Okla. 208, 253 Pac. 485.

In the latter case, it was held:

"Section 7461, C. O. S. 1921, makes the right of a materialman to a lien depend upon contract. Such contract may be either oral or written. If a lien is asserted against real estate, the contract must be made by the owner or by his duly authorized agent. Where a materialman seeks to assert a lien for material furnished to a lessee under an oral contract with such lessee, and it fails to appear that the lessee was constituted by the landowner as his agent to purchase the material, the lien of the materialman can extend no further than the improvements constructed out of the material furnished."

There being no evidence in the record sufficient to create an estoppel against defendant Deaton, and no evidence to show that Whitfield was the agent of Deaton in contracting for the material, and the evidence being insufficient to show that Whitfield was the actual owner of the land, it follows that the decree denying a lien upon the land was proper.

The judgment should be affirmed.

TEEHEE, HERR, HALL, and JEFFREY, Commissioners, concur.

By the Court: It is so ordered.

Note.—See under (1) 18 R. C. L. p. 985. (2) 18 R. C. L. p. 943; R. C. L. Perm. Supp. p. 4551. (7) 18 R. C. L. p. 894; R. C. L. Perm. Supp. p. 4545. See "Appeal and Error," 4 C. J. § 2853, p. 880, n. 97. "Mechanics' Liens," 40 C. J. § 73. p. 91, n. 34; § 94, p. 104, n. 58; § 311, p. 253, n. 31; § 317, p. 257, n. 13; § 350, p. 281, n. 75; § 579, p. 422. n. 27; § 681, p. 472, n. 77.