## BIRMINGHAM v. HOUSTON-McCUNE LUMBER CO.

No. 23808.    Feb. 26, 1935.

Rehearing Denied March 12, 1935.

Henry S. Johnston, for plaintiff in error.

Bowles & Bowles, for defendant in error.

PER CURIAM. The parties will be referred to as they appeared in the trial court. The plaintiff, Houston-McCune Lumber Company, a corporation, commenced this action to foreclose a mechanic's lien for lumber and material furnished by plaintiff to erect on the farm of the defendant, Emma Williams Birmingham, certain buildings and praying for judgment for $348.55 for balance due for the purchase price of material furnished. The cause was tried to the court, and judgment was rendered for the sum prayed for with interest.

The plaintiff alleged in its petition that the material was furnished under an oral contract with the defendant, and attached to its petition a copy of the lien statement.

The defendant filed a general denial and alleged in her answer that a lease contract was executed by said defendant with one Lothlen, which lease was dated the 17th day of December, 1929, and provided among other things that said lessee would help build a 3-room cottage on the leased premises and that the defendant would furnish material to the value of $250. Before the lease contract was entered into, the plaintiff, on November 2, 1929, furnished Lothlen, the lessee, an itemized statement of the lumber and material necessary in making improvements on this farm, which was in the aggregate amount $250, and said Lothlen delivered the same to the defendant.

The lien statement, a copy of which was attached to the petition of the plaintiff and introduced in evidence, showed that the total amount of lumber furnished was the sum of $453.55. The trial court held that the burden was on the defendant to prove a defense to the action for the reason of the lien statement being a verified account and without the plaintiff being required to prove any allegations of its petition. That would be true as to the correctness of the itemized account filed with the lien statement, but the correctness of the account would not relieve the plaintiff of the burden of proving the contract with the defendant to furnish the material upon which the lien is based as alleged in the plaintiff's petition. The answer of the defendant put in issue the allegations of the plaintiff's petition relative to the entering into of a contract with the defendant. The right of the plaintiff to a lien depended upon its contract with the owner. The plaintiff introduced no evidence whatever to prove the allegations of its petition relative to the contract. The defendant introduced the lease between the said defendant and said Lothlen, the lessee, and the estimate of the material required to be furnished by the plaintiff dated November, 1929. The plaintiff demurred to the evidence of the defendant, which was sustained by the court.

The court has uniformly held that the right to a materialman's lien depends upon a contract with the owner:

"The right to a materialman's lien depends upon a contract with the owner of the property. The contract for the material may be made either with the owner or his duly authorized agent; but, in the absence of such contract, the lien cannot attach to the property, or be enforced against it." Ketch et al. v. Cox et al., 105 Okla. 283, 232 P. 832.

See, also: William Cameron & Co. v. Beach, 44 Okla. 663, 146 P. 29; Lee v. Consor et al., 62 Okla. 14, 161 P. 804; Gentry-Bowers Lumber Co. v. Hamill et al., 75 Okla. 210, 182 P. 687.

The plaintiff, having failed to prove a contract made with the owner or her duly authorized agent, failed to meet the burden placed upon it, and it was error to sustain the plaintiff's demurrer to the evidence introduced by the defendant and enter judgment for the plaintiff.

The judgment of the trial court is reversed and the cause remanded, with instructions to grant a new trial.

The Supreme Court acknowledges the aid of Attorneys Grover C. Wamsley, Sam L. Wilhite, and Wm. McFadyen in the preparation of this opinion. These attorneys constituted an advisory committee selected by the State Bar, appointed by the Judicial Council, and approved by the Supreme Court. After the analysis of law and facts was prepared by Mr. Wamsley and approved by Mr. Wilhite and Mr. McFadyen, the cause was assigned to a Justice of this court for examination and report to the court. Thereafter, upon consideration by a majority of the court, this opinion was adopted.