**UNITED STATES FIDELITY & GUARANTY COMPANY, Plaintiff,**

v.

**FEDERATED RURAL ELECTRIC INSURANCE CORPORATION, Defendant.**

**No. Civ.A. 98–1124–WEB.**

United States District Court, D. Kansas.

Dec. 21, 1999.

Marc A. Powell, Powell & Brewer, LLP, Wichita, KS, for plaintiff.

Larry B. Spikes, Martin, Pringle, Oliver, Wallace & Swartz, L.L.P., Wichita, KS, Michael C. Stewart, Jeff C. Grotta, Stewart & Elder, P.C., Oklahoma City, OK, for defendant.

*Memorandum and Order*

WESLEY E. BROWN, Senior District Judge.

This is a declaratory judgment action involving two insurance companies and their respective obligations to defend an Oklahoma electrical company, Alfalfa Electric Cooperative. Plaintiff USF & G seeks reimbursement from defendant Federated for costs USF & G paid defending Alfalfa Electric against a lawsuit in Oklahoma state court. This court previously denied Federated's motion for summary judgment, finding that Oklahoma law would recognize a claim for equitable subrogation

to permit one insurer to recover defense costs from another insurer where each had a duty to defend the insured. The matter was scheduled for trial to the court on November 16, 1999, at which time the parties submitted exhibits and argued their positions. Both sides agreed that the matter could be decided by the court on the materials submitted. According to the pretrial order, there are no material facts in dispute.

### I. *Facts.*

Plaintiff USF & G is a Maryland corporation with its home office in Baltimore, Maryland. Defendant Federated is a Kansas corporation with its principal place of business in Lenexa, Kansas. The amount in controversy exceeds $75,000.

USF & G and Federated both issued insurance policies to their named insureds which were in effect at the time of the fire loss on February 22, 1996.

USF & G issued a commercial general liability and business policy to O & M Powerline Construction, Inc., in Lahoma, Oklahoma. Under USF & G's policy, O & M was the named insured and was responsible for premiums. Under an endorsement to the policy, Alfalfa Electric Cooperative, Inc., was added as an "additional insured."

Federated issued an "All Risk Blanket Policy" to its named insured, Alfalfa Electric, in Cherokee, Oklahoma. Under Federated's policy, Alfalfa was responsible for paying premiums. In exchange, Alfalfa Electric received $1 million in liability coverage. Federated also issued an umbrella policy to Alfalfa Electric, adding $6 million in liability coverage.

On February 22, 1996, a grass fire started in Woods County, Oklahoma, causing property losses in three counties including portions of Kansas. The fire started when O & M Powerline's truck was being operated at a rural location in Woods County. The vegetation underneath the truck was dry due to a lack of rainfall and the operator of the truck was in the process of installing a pole for a power line. O & M was performing this installation under a contract for Alfalfa Electric. It is believed that heat from the underside of the O & M truck ignited the vegetation in the area, causing a fire to develop which subsequently spread to surrounding acreage. Spurred on by the wind, the fire burned for several days and spread over more than 80,000 acres of rangeland in Oklahoma and Kansas.

Within a few days after the fire was extinguished, a lawsuit was filed in Woods County, Oklahoma, by landowners suffering fire damages. Included as defendants were Alfalfa Electric and O & M Powerline. The complaint in the Woods County case, *Bouziden, et al. v. Alfalfa Electric, et al.*, No. CJ 96 19, alleged that both defendants acted negligently and that Alfalfa Electric was responsible for the property damages due to a non-delegable duty.

When Alfalfa Electric was served with the summons and petition in the Woods County case, the suit papers were forwarded to their insurance carrier, Federated Rural Electric Insurance. Federated did not hire counsel for Alfalfa Electric at the time. Instead, Federated declined to defend Alfalfa Electric and requested that USF & G provide a defense. USF & G hired a law firm in Oklahoma City, Oklahoma, to defend O & M in the Woods County case. Furthermore, USF & G hired a separate law firm in Tulsa, Oklahoma, to defend Alfalfa Electric after Federated declined to provide a defense.

In April, 1996, the Tulsa law firm defending Alfalfa Electric began working on their defense. In October, 1996, USF & G began to pay attorney fees and defense costs in connection with the defense of Alfalfa Electric. Between October 25, 1996, and November 5, 1997, USF & G paid $197,051.00 to the Tulsa law firm for the defense of Alfalfa Electric. USF & G also paid separate defense costs for the defense of their own named insured, O & M Powerline, being defended by another firm.

In early 1997, USF & G decided to pay its $1 million limits into court for the benefit of the damaged landowners. An interpleader action was filed in the U.S. District Court for the District of Kansas, styled *USF & G v. Red Hill Ranch, et al.,* No. 97–1075–MLB. USF & G's interpleader action subsequently resulted in an order discharging USF & G's obligations to the damaged landowners. Furthermore, the $1 million was subsequently disbursed by the U.S. District Court to all of the claimants participating in the case, including a class of damaged landowners. Alfalfa Electric and Federated were not parties to the interpleader action. After a journal entry was entered by the court in the interpleader action finding that USF & G had exhausted its policy limits, USF & G notified Alfalfa Electric that it was withdrawing its defense of Alfalfa Electric in the Woods County case. USF & G withdrew its defense of Alfalfa Electric prior to the trial in the Woods County case. Federated thereafter provided a defense to Alfalfa Electric, using the same defense attorney previously engaged by USF & G.

The Woods County case went to trial in November, 1997. A Woods County jury found in favor of Alfalfa Electric and no liability was assessed against them at that time. However, the verdict was appealed and, on May 28, 1999, the Oklahoma Court of Civil Appeals entered an order reversing the trial court's judgment in favor of Alfalfa Electric. The court found that Alfalfa Electric owed a non-delegable duty to the landowners and that the trial court had failed to properly instruct the jury on this issue. The case was remanded to the district court for a new trial. In the Woods County case, the trial court had awarded attorney fees to Alfalfa Electric following the jury verdict in its favor. However, due to the opinion by the Oklahoma Court of Appeals, that order has been vacated, and attorney fees may not be recoverable by Alfalfa Electric for reimbursement of USF & G and Federated.

Since USF & G withdrew its defense of Alfalfa Electric in November of 1997, Federated has paid all of Alfalfa Electric's defense costs and continues to provide a defense for Alfalfa Electric.

USF & G's policy insuring O & M Powerline contains a "Commercial General Liability" portion and a "Business Auto" portion. The policy limit for liability from any occurrence is $1,000,000. The Commercial General Liability portion provides that USF & G will pay sums that the insured becomes obligated to pay as damages because of property damage to which the insurance applies. An endorsement names Alfalfa Electric as an additional insured with respect to liability arising out of O & M's operations performed for Alfalfa Electric. The Commercial General Liability portion provides that USF & G has a duty to defend against any suit seeking those damages. It further provides that USF & G's duty to defend ends when it has paid the applicable limit of insurance. The Commercial General Liability portion contains an exclusion for property damage arising out of the use of any auto owned or operated by any insured. The Business Auto portion of the policy obligates USF & G to pay sums an insured is obligated to pay as damages because of property damage caused by an accident resulting from use of a covered auto. It provides that USF & G has a duty to defend any insured against a suit seeking such damages, and that the duty to defend ends when the liability limit has been exhausted. It provides that an insured is "[a]nyone liable for the conduct of an 'insured' described above but only to the extent of that liability." The Business Auto policy also contains a provision stating that "[i]f any person or organization to or for whom we make payment under this coverage form has rights to recover damages from another, those rights are transferred to us."

Federated's underlying policy to Alfalfa Electric is an "All–Risk Blanket Policy for Rural Electric and Rural Telephone Systems." Section II of the policy, entitled "Automobile and General Liability Insurance," provides that Federated will pay on behalf of the policyholder all sums up to

the limits of liability which the policyholder becomes obligated to pay as damages because of an occurrence causing property damage. The policy has a property damage liability limit of $1,000,000. It further provides that Federated has the duty to defend any suit against the policyholder to which the policy applies. It contains a provision entitled "Excess Insurance— Hired and Non–Owned Automobiles," which provides, "[w]ith respect to a hired or a non-owned automobile, this insurance shall be excess insurance over any other valid and collectible insurance." It also contains a section entitled "General Conditions Applying To This Policy," Subsection "H" on page 13 of the policy, which provides in part:

> H. OTHER INSURANCE—This insurance is primary insurance, except when stated to apply in excess of, or to be contingent upon, the absence of other insurance. When both this insurance and the other insurance apply to the loss on the same basis, whether primary, excess or contingent Federated shall not be liable under this policy for a greater proportion of such loss than the applicable Limit of Liability under this policy for such loss bears to the total applicable Limit of Liability of all valid and collectible insurance against such loss.

Federated's commercial umbrella policy covering Alfalfa Electric provided an additional $6 million in excess liability coverage. The umbrella policy provides that with respect to any occurrence not covered by underlying insurance but covered by the umbrella policy, the company will defend any suit seeking damages on account of property damage. Also, if the limits of underlying insurance is exhausted, Federated is obligated under the umbrella policy to assume charge of the insured's defense. The umbrella policy does not apply to defense or legal expenses covered by underlying insurance.

## II. *Conclusions of Law.*

This court has subject matter jurisdiction by virtue of 28 U.S.C. § 1331(a)(1) and 28 U.S.C. § 2201.

A federal court sitting in diversity must apply the substantive law of the forum state in which it sits. *Erie R. Co. v. Tompkins,* 304 U.S. 64, 78, 58 S.Ct. 817, 82 L.Ed. 1188 (1938). Under Kansas law, the law of the place where a contract was made governs the contract's interpretation. *Rigby v. Clinical Reference Lab., Inc.,* 995 F.Supp. 1217, 1222 (D.Kan.1998). There is no question that the insurance contracts at issue were made in Oklahoma, and the court thus concludes Oklahoma law governs the dispute.

In denying Federated's motion for summary judgment, the court previously held that Oklahoma law would recognize a claim for equitable subrogation to permit one insurer to recover defense costs from another insurer where each had a duty to defend the insured. As the Oklahoma Supreme Court stated in *Republic Underwriters Ins. Co. v. Fire Ins. Exchange,* 655 P.2d 544, 547 (Okla.1982):

> The doctrine of legal subrogation as recognized in this state is broad enough to place the responsibility for payment where it should, in equity and good conscience, finally repose, ... The principle of legal subrogation has been characterized in this jurisdiction as a classic remedy in equity; a fluid concept depending on each case's facts and circumstances based upon the natural justice of placing the ultimate responsibility for a loss where it ought finally to repose without the form of a rigid rule of law. [cite omitted]. Subrogation is a creature of equity intended to achieve the natural justice of placing the burden where it ought to rest, and unlike a fixed rule of law, subrogation is pliable and capable of being molded to attain justice to compel the ultimate discharge of a debt or obligation by the party who in good conscience ought to pay it.

■ Aside from disputing the availability of such a claim, Federated argues it is not responsible for any defense costs incurred by USF & G because USF & G's policy provided primary insurance while

Federated's policy only provided excess insurance. Doc. 26 at 4. Federated's position is based on a clause in the All Risk Blanket Policy making its insurance excess over any other insurance with respect to "a hired or non-owned automobile," as well as its belief that the claims against Alfalfa Electric only alleged vicarious liability on Alfalfa Electric's part for O & M's negligent use of its vehicle. *Id.* at 4–5.

Federated's argument is unpersuasive. As an initial matter, even if Federated's coverage were excess over the USF & G policy, nothing in the All Risk Blanket Policy stated that Federated's duty to defend Alfalfa Electric was contingent upon exhaustion of underlying insurance. Federated had a duty to defend Alfalfa Electric in "any suit against the policyholder to which this policy applies, even though the allegations of the suit may be groundless." Pl.Exh. 2 at 5. "An insurer has a duty to defend an insured whenever it ascertains the presence of facts that give rise to the potential of liability under the policy." *First Bank of Turley v. Fidelity & Deposit Ins. Co. of Maryland,* 928 P.2d 298, 303 (Okla.1996) (footnote omitted). Federated certainly had reason to know that the plaintiffs in the Woods County action were seeking sufficient damages to invoke coverage under the Federated all risk policy even assuming it provided only excess coverage. Federated thus had a duty to defend Alfalfa Electric against the claims asserted in the Woods County suit.

■ Moreover, as USF & G points out, the petition in the Woods County action included not only allegations that Alfalfa Electric was vicariously responsible for O & M's actions, but also that Alfalfa Electric committed negligent acts that caused the damages suffered by the plaintiffs. *See* Pl.Exh. 1. In the course of the litigation the plaintiffs asserted, among other things, that Alfalfa Electric was negligent in hiring O & M and in failing to see that O & M exercised due care. Pl.Exh. 14 at 2; Pl.Exh. 15 at 12. As to these allegations, Federated's coverage under its All Risk Blanket Policy was primary and

Federated thus clearly had a duty to defend Alfalfa Electric against such claims. This is true even if the claims were later abandoned or were determined adversely to the plaintiffs. *See First Bank of Turley v. Fidelity & Deposit Ins. Co. of Maryland,* 928 P.2d 298, 303 (Okla.1996) (the insurer's defense duty is determined on the basis of information gleaned from the petition (and other pleadings), from the insured and from other sources available to the insurer at the time the defense is demanded (or tendered) rather than by the outcome of the third-party action.). *See also Maryland Cas. Co. v. Willsey,* 380 P.2d 254, 258 (Okla.1963) (when the pleaded allegations of the insured's adversary state facts, which, if proved, would bring the insured's asserted liability within the coverage of the policy, the insurer is obliged to defend).

■ Federated thus had a duty to defend Alfalfa Electric in the Woods County action. Under the circumstances, it would be inequitable to permit Federated to benefit from its failure to fulfill this obligation by forcing USF & G alone to bear the costs for defending Alfalfa Electric at a time when both insurers had a duty to defend. Under principles of equitable subrogation, the court finds that USF & G is entitled to recover from Federated those sums that should have been borne by Federated and which the policyholder could have required Federated to bear.

■ USF & G argues it is entitled to recover seven-eighths of the $197,051 it spent defending Alfalfa Electric. It derived this figure by comparing the potential exposure of each insurer to the total available insurance coverage. Federated has potential exposure of $7 million out of $8 million total coverage, compared to USF & G's exposure of $1 million. USF & G points out that Federated's All Risk Blanket Policy contains a similar formula for determining payment of loss where that policy and other insurance apply to the loss on the same basis. The court agrees that a comparison of each insurer's

respective coverage provides an appropriate basis for determining responsibility for defense costs, but cannot agree that Federated's equitable share is seven-eighths of the total. As discussed above, the court concludes that Federated's all risk policy, like USF & G's policy, provided primary coverage in the amount of $1 million. Federated's umbrella policy, on the other hand, provided only excess coverage and specifically excluded "defense ... or legal expenses covered by underlying insurance." Under the circumstances, the court concludes that the $6 million in excess coverage under the umbrella policy is appropriately excluded in apportioning defense costs for the period when both insurers had a duty to defend Alfalfa Electric. Thus, each insurer had primary coverage of $1 million out of $2 million total primary coverage and should, therefore, be responsible for one-half of the defense costs. USF & G is therefore entitled to recover one-half of $197,051, or $98,525.50, from Federated.

The court notes USF & G's claim in the pretrial order for prejudgment interest but concludes that such an award would be inappropriate. Prejudgment interest may be recoverable when damages are certain or are readily capable of being made certain by calculation, *see* 23 Okla.St. Ann. § 6. It is not recoverable, however, when the damages are unascertainable until the amount is judicially settled. *Taylor v. State Farm Fire and Casualty Co.,* 981 P.2d 1253, 1261 (Okla.1999). In this case, the amount of damages due USF & G became certain only upon an exercise of the court's discretion in equity to determine each party's responsibility. Likewise, the court rejects USF & G's claim for attorney fees because that claim is unsupported by authority and would be unwarranted under the facts of the case.

III. *Conclusion.*

The court determines that USF & G is entitled to recover from Federated one-half of the defense costs paid by USF & G in defending their mutual insured, Alfalfa Electric Cooperative. Accordingly, it is ordered that plaintiff United States Fidelity & Guaranty Company recover of the defendant Federated Rural Electric Insurance Corporation the sum of $98,525.50, with interest thereon at the rate provided by law from the date of judgment, and USF & G's costs of action. The clerk is directed to enter judgment accordingly.