COPPOLINA v. RADICE.

Ohio Appeals, 8th Dist., Cuyahoga Co.

No. 8337. Decided Apr. 23, 1928.

Syllabus by Editorial Staff.

### REAL ESTATE.

(510 C3) A contract for the sale of real estate will not be set aside on the ground that the person agreeing to sell was too intoxicated to know what he was doing, the evidence on this point being conflicting, and there being credible evidence that he was of contractual capacity.

### CONTRACTS.

(150 I5c) Clear and convincing evidence must be adduced to show that the seller was so intoxicated as to be incapable of contracting.

(150 I5c) Burden of proof is upon the seller to show that he was incapable of contracting by reason of intoxication.

(150 I5c) Contract to sell real estate will not be set aside merely because the seller claims that he was too intoxicated to understand what he was doing, the selling price being fairly adequate.

(150 S) When specific performance may be granted where wife of seller does not sign contract.

Appeal from Common Pleas.

Decree against appellee.

Louis A. Perry, Cleveland, for Coppolina.

Lorman, Roob & Quallich, Cleveland, for Radice.

### STATEMENT OF FACTS.

It appears from the evidence that the Appellee executed a certain instrument in writing for the purchase price of a lot on Sunset Drive in Cuyahoga County and there was a down payment and the balance due was provided for and the document itself is as follows:

"Cleveland, Ohio, March 15, 1926. Received from Leone and Rosolia Coppolino the sum of Fifty Dollars $50.00 part of the purchase price of lot No. 85 in Sunset Drive, for the sum of Three Hundred Dollars $300.00, received Fifty Dollars and the balance is Two Hundred Fifty Dollars $250.00 and there remain to pay Two Hun-

dred Fifty Dollars $250.00 because the price was established for Three Hundred Dollars $300.00 net without expenses for documents and I will give this lot free and clear of any debts whatsoever. (Signed) Gio. Radice."

It is claimed that the Appellee, on the date of this instrument of writing, and at the time of the execution thereof, was so intoxicated by the use of liquor said to have been furnished at the home of Appellant, that he was deprived of the use of his faculties and that therefore the execution of the instrument was not voluntary and made with an understanding of what he was doing.

There is a conflict in the evidence as to his condition. It is claimed by the Appellee, Radice, that he was unconscious of the fact until about May 26, 1926, when Coppolina made a demand upon him for the conveyance of the lot and then and thereupon showed him the agreement above noted."

There appears to be credible evidence in the record to support the decree below. That the evidence is conflicting as to the condition of the Appellee, there can be no question, but this court weighs the evidence according to the probative force which it deems is supported by all of the evidence and circumstances in the case and we have come to the conclusion that the evidence is not sufficient in probative value to decree that the instrument above set forth is null and void or voidable because of the alleged intoxicated condition of the Appellee.

To set aside an instrument like the one under discussion, the evidence should be clear and convincing and the burden is upon the party asserting its invalidity to prove that it has no legal force by reason of the effect of the liquor upon his mind. One of the elements in the case is the charge that the inadequacy of the price for which the land was purchased is an element of fraud that succeeded because of the alleged intoxicated condition and which it is claimed is sufficient to set aside the instrument on the ground that under the authorities a contract made when one is in such a state of intoxication as to deprive him of his judgment and discretion, may be set aside in equity even though the opposing party had no agency in producing the intoxication. Upon this question of inadequacy we find from the record that there is credible evidence to support the theory of the Appellant, Coppolino that the property was sold within reason of the fair market value and the fact that part of the purchase price was paid down as indicated by the receipt, is a convincing situation in the record that the Appellee was prepared, on March 15, 1926, to conform to the proposition made by the Appellant in relation to the sale of the property. Thus, we conclude, that there is no evidence of such fraud by reason of disparity in value or otherwise as would warrant the court in setting aside the instrument executed by Appellee.

It is further urged that specific performance cannot be granted because the wife of Appellee was not a party to the instrument and that her dower is in the property. It is conceded that the only decree sought is not a specific performance to the extent of including the dower but only to whatever interests the husband alone has and therefore the dower remains undisturbed.

In Caple v. Crane, 10 Oh. Ap. 461, we see nothing which opposes this view for in that case it was contemplated by the parties that the title should be conveyed free from the dower right of the wife but in this case there is no such element.

In Owens v. Hall, 13 O.S. 571 it is claimed by able counsel that the court below was in error because in the journal entry there is no finding as to performance on the part of the plaintiff of his part of the terms of the agreement. This is not a proceedings in error and the decree that will be entered in this case will bear no relationship to the decree which has been entered in the court below.

With these views we order a decree in favor of the Appellant, Leon Coppolina, et al, and against the Appellee, Giuseppe Radice. O. S. J.

(Levine and Vickery, JJ., concur.)