**Charles N. BERRY, Plaintiff in Error,**

v.

**R. E. BARBOUR and W. H. Barbour, Partners, doing business as Barbour & Short, Defendants in Error.**

No. 36047.

Supreme Court of Oklahoma.

Dec. 14, 1954.

Rehearing Denied Jan. 25, 1955.

Monnet, Hayes & Bullis, Oklahoma City, for plaintiff in error.

Luttrell & Luttrell, Norman, for defendants in error.

O'NEAL, Justice.

This is an action to recover a money judgment and the foreclosure of a mechanic's lien. The parties will be referred to as plaintiffs and defendant as they appeared in the trial court.

Plaintiffs were engaged in the business of general contractors, and in April and August 1949, entered into agreements, as they allege, with defendant to repair a business building located in Norman, Oklahoma.

Plaintiffs plead that they performed the work and furnished the materials necessary to comply with the agreements. That there is due them the sum of $1,882.49 for which amount they pray judgment and the foreclosure of a materialmen and labor lien.

In defendant's answer and cross petition he denied any liability to plaintiffs for material and labor in repairing the roof to the building caused by fire damage, on the ground that the damage occurred by plaintiffs' negligence in erecting a steel beam in their building on April 17, 1949.

Defendant further denied liability for labor and material furnished by plaintiffs in installing ceiling joists, upon the ground that plaintiffs had installed the joists in 1938 and had cut notches in the joists to place electrical conduits, which weakened the joists causing the ceiling of the theatre to sag.

By way of cross petition defendant prays for damages in the amount of $4,200.

In an amended answer and cross petition defendant abandoned his claim that the joists were improperly installed by plaintiffs in 1938 and plead that they were damaged by water as the result of the fire on April 17, 1949 which was occasioned by plaintiffs' negligence during the construction work performed by them. Defendant prays judgment for $4,275.

Plaintiffs' reply, in addition to a general denial of matters plead by defendant, alleges that defendant ratified the acts of plaintiffs in repairing fire damages.

Upon the trial without the aid of a jury, the trial court, upon disputed facts, found the issues in plaintiffs favor; rendered judgment in the sum of $1,882.49; that plaintiffs' material and labor liens be foreclosed as provided by law.

The parties concede that the materials, specified in the lien statement, were furnished by plaintiffs in the construction and repair of the defendant's building, and there is no dispute as to the reasonableness of the labor costs.

Defendant contends that the court erred in fixing the amount of recovery for the installation of new joists. That contention

will be disposed of in our consideration of the evidence, infra.

Plaintiffs submitted testimony from which the court found that plaintiffs furnished material and labor necessary to repair the roof of the defendant's theatre building, which was caused by fire. That the reasonable value of the material and labor was the sum of $937.25. The dispute as to this sum arose under these circumstances: While plaintiffs were engaged in installing an I-beam across the building, to support the ceiling, the building caught fire. Firemen of the city fire department found it necessary to cut holes in the roof to extinguish the blaze. Considerable damage resulted also by water. Necessary repairs were made immediately, by plaintiffs, to prevent further damages by the elements.

Defendant below, and here, contends that the fire resulted from the negligence of plaintiffs in installing the steel beam. That plaintiffs' workmen, in the use of an acetylene welding machine, caused sparks to ignite the building. Plaintiffs contend that the fire resulted from old and defective wiring in the building.

We find no direct or positive testimony that the fire resulted by plaintiffs' use of the welding machine, or that it resulted from the old and defective electric wiring in the building. On controverted testimony the trial court, by its general finding, included a finding that the fire damage did not occur as the result of any negligence of plaintiffs. We find competent evidence in the record to support the trial court's conclusion. In a case tried to the court in the absence of a jury, the findings of the trial court will not be disturbed on appeal if there is competent evidence to support the conclusion reached.

Defendant further asserts that in no event can the judgment rendered upon the item of $937.25 become a lien against the building. That contention is based upon the assertion that the evidence is insufficient to establish a contract between plaintiffs and defendant for repair of the fire damages, and sufficient to justify and sustain the judgment of the court establishing a lien for materials and labor furnished and performed by plaintiffs.

Defendant asserts that a mechanics' or materialmen's lien is purely a creature of statute, and does not exist independent thereof.

The statute in question, 42 O.S.1951 § 141, in so far as pertinent, provides:

"Any person who shall, under oral or written contract with the owner of any tract or piece of land, perform labor, or furnish material for the erection, alteration or repair of any building, improvement or structure thereon * * * shall have a lien upon the whole of said tract or piece of land, the buildings and appurtenances. * * *"

Construing this statute, we said in Wm. Cameron & Co. v. Beach, 44 Okl. 663, 146 P. 29, and Ketch v. Cox, 105 Okl. 283, 232 P. 832, that "It will be observed that this statute makes the right to the lien depend upon a contract * * * with the owner of the property * * * or his duly authorized agent; but, in the absence of such contract, the lien cannot attach to the property or be enforced against it." [44 Okl. 663, 146 P. 30.]

The record here discloses that the fire damage occurred on April 17, 1949. The defendant, at the time, was in Heidelburg, Germany, and he did not return to Norman until August 31, 1949. He had left no one in charge of the building authorized to act in his behalf. The fire had destroyed a portion of the roof, leaving the building exposed to further damage by the elements unless repaired immediately. Plaintiffs admit they had no express contract with the owners to make the repairs, but that the emergency created a situation that an implied, or quasi or constructive contract arose, sufficient to invoke the application of the lien statute. We agree.

The principle of law is stated in 12 Am. Jur. 502, Sec. 6, in part as follows:

"As has been well said, in the case of actual contracts the agreement defines the duty, while in the case of quasi

contracts the duty defines the contract. A quasi contract has no reference to the intentions or expressions of the parties. The obligation is imposed despite, and frequently in frustration of, their intention. For a quasi contract neither promise nor privity, real or imagined, is necessary. In quasi contracts the obligation arises, not from consent of the parties, as in the case of contracts, express or implied in fact, but from the law of natural immutable justice and equity. The act, or acts, from which the law implies the contract must, however, be voluntary. Where a case shows that it is the duty of the defendant to pay, the law imputes to him a promise to fulfill that obligation. The duty, which thus forms the foundation of a quasi-contractual obligation, is frequently based on the doctrine of unjust enrichment. * * *"

■ The quasi rule is announced in 17 C.J.S., Contracts, § 6, page 322 as follows:

"Contracts implied in law, or, as stated supra § 4, more properly quasi or constructive contracts, are a class of obligations which are imposed or created by law without regard to the assent of the party bound, on the ground that they are dictated by reason and justice, and which are allowed to be enforced by an action ex contractu."

In First Nat. Bank of Okmulgee v. Matlock, 99 Okl. 150, 226 P. 328, 36 A.L.R. 1088, we held:

"A 'quasi' or constructive contract is an implication of law. An 'implied' contract is an implication of fact. In the former the contract is a mere fiction, imposed in order to adapt the case to a given remedy. In the latter, the contract is a fact legitimately inferred. In one, the intention is disregarded; in the other, it is ascertained and enforced. In one, the duty defines the contract; in the other, the contract defines the duty."

In Piggee v. Mercy Hospital, 199 Okl. 411, 186 P.2d 817, 818, we held:

" 'Contracts implied in law, or more properly quasi or constructive contracts, are a class of obligations which are imposed or created by law without regard to the assent of the party bound, on the ground that they are dictated by reason and justice and which are allowed be enforced by an action, ex contractu.' "

The defendant testified that he was in Europe when the fire occurred and didn't know anything about it until his return some weeks later. That if the fire was not the result of plaintiffs' negligence, and the repairs were necessary to prevent further damage that he should pay for their reasonable costs.

■ Defendant alleges error in fixing the amount of recovery for the installation of the new joists. The agreement provided that: "The work would be done on a cost plus basis, a fee of 15 percent based on all costs." Defendant's contention is that the cost was computed upon the basis of the retail price of the lumber, when it should have been figured on the wholesale price. The material involved amounts to $190.35 so that the item in dispute is the sum of $29.30.

We find substantial evidence supporting plaintiffs' contention that they purchased the material, at the prevailing price charged by retail dealers in lumber in the city of Norman. The record does not disclose that the cost of the material purchased from Norman Builders Supply Company was in excess of the prevailing retail prices.

■ Lastly, defendant urges that the court erred in admitting evidence respecting fire insurance carried upon his theatre building. We agree that the evidence was neither relevant, competent or material, to the issues posed. We do not agree that the error in its admission justifies the reversal of the case. This case was tried to the court without a jury, and we indulge the presumption that the trial judge disregarded the evidence under his general findings in plaintiffs' favor.

The error under this record is harmless and we can not set aside the court findings

or judgment under the mandate of the statute, 12 O.S.1951 § 78. Other items making the aggregate of the amount of the judgment have not been challenged.

Finding no substantial error in the record, the judgment is affirmed.

JOHNSON, V. C. J., and WELCH, CORN, WILLIAMS and BLACKBIRD, JJ., concur.

ARNOLD, J., concurs in result.