T & S INVESTMENT COMPANY, Appellant,

v.

Sam COURY, Appellee.

No. 51715.

Supreme Court of Oklahoma.

April 10, 1979.

Richard B. Bates, William J. Robinson, Oklahoma City, for appellant; Shirk, Work, Robinson & Williams, Oklahoma City, of counsel.

Wilbert G. Smith, Smith, Smith & Vaughan, Oklahoma City, for appellee.

DOOLIN, Justice:

We granted certiorari to the Court of Appeals, Division 1 for the reason that Division 1 "has decided a question of substance in a way not in accord with the applicable decision of this Court", 12 O.S.1971 Ch. 15, App. 3, Rule 3.13A(2).

The Court of Appeals decided among other matters that the limitation of 12 O.S. 1971 § 95 Second[1] did not apply to a civil action based upon a quasi contract. It is this precise and single question that we address and find that the Court of Appeals, Division 1 has erred.

Plaintiff filed an action to recover a share of the costs it incurred in preparing acceleration and deceleration lanes on a highway abutting both plaintiff's and defendant's properties. In its petition, plaintiff did not allege an agreement. Plaintiff's plea for recovery was based upon a theory of quasi contract. The trial court sustained a demurrer to the petition for failure to state a cause of action. The plaintiff stood on its petition and appealed.

The Court of Appeals, Division 1 held the petition stated a cause of action in quasi contract. We agree that plaintiff has stated a cause of action; however, 12 O.S. 1971 § 95 Second provides that an action upon an "express or implied" contract which is not in writing must be brought within three years. The action in this case was not brought within three years. The plaintiff contended that since a quasi contract is not based on consent or promise, it is not a true contract and, therefore, the statutory bar for actions on an express or implied contract not in writing would not apply. We disagree.

We have recognized or classified contractual relationships in three manners: (a) quasi contracts, which are commonly referred to as "implied-in-law" or "constructive" contracts: (b) implied-in-fact contracts: (c) express contracts.[2] True, in relation to the others, a quasi contract is not a true contract in the sense of its origin, but in an earlier case, this court in *Berry v. Barbour,* 279 P.2d 335, 338 (Okl.1954) made the following observation:

> " 'A "quasi" or constructive contract is an implication of law. An "implied" contract is an implication of fact. In the former the contract is a mere fiction, imposed in order to adapt the case to a given remedy. In the latter, the contract is a fact legitimately inferred.

---

1. 12 O.S.1971, § 95. Limitations of other actions.

   "Civil actions, other than for the recovery of real property, can only be brought within the following periods, after the cause of action shall have accrued, and not afterwards:

   \*   \*   \*   \*   \*   \*

   Second. Within three (3) years: An action upon a contract express or implied not in writing; . . . "

2. *First National Bank of Okmulgee v. Matlock,* 99 Okl. 150, 226 P. 328, 332 (1924); *Ward v. Archer,* 173 Okl. 465, 52 P.2d 758 (1935).

In one, the intention is disregarded; in the other, it is ascertained and enforced. In one, the duty defines the contract; in the other, the contract defines the duty.'"

Although a quasi contract is different from an implied-in-fact or express contract, it is enforceable by an action *ex contractu.*[3] Plaintiff is asking the law to impose a contract even though the parties never agreed to a contract. It is then suggested the court disregard the statutory bar applicable to the contract sought to be imposed.[4] As pointed out earlier, the contract is imposed to adapt the case to a remedy. 12 O.S.1971 § 95 Second, in effect, prevents the remedy if the action is not timely brought. The plaintiff cannot ask the law to make and impose a contract and then seek to avoid the applicable statutory bars. We hold that 12 O.S.1971 § 95 Second applies to all unwritten contracts whether they be expressed, implied-in-fact, or implied-in-law.[5]

Since we find that the action is barred by 12 O.S.A. § 95 Second, we find it unnecessary to discuss the other points raised by the defendant.

OPINION OF THE COURT OF APPEALS VACATED: TRIAL COURT AFFIRMED FOR REASONS STATED.

LAVENDER, C. J., IRWIN, V. C. J., and WILLIAMS, BARNES, SIMMS, HARGRAVE and OPALA, JJ., concur.

3. *Anderson v. Copeland,* 378 P.2d 1006 (Okl. 1963); *Berry v. Barbour, supra.*

4. In *Berry v. Barbour, supra,* where plaintiff sought to foreclose a lien on defendant's property we held a quasi contract arose and that a quasi contract was sufficient to meet requirements of 42 O.S.1951 § 141 which required improvements to be made under an "oral or written contract". *C. F. Metropolitan Water Co. v. Hild,* 415 P.2d 970 (Okl.1966) where no lien attached under different factual circumstances.

5. *Wagner v. Blankenship et al.,* 207 Okl. 471, 250 P.2d 464 (1952) where we held that one whose property has been converted may waive the tort and sue cn the implied contract to pay for same. We specifically held that under such waiver 12 O.S.1951 Second (same as 12 O.S. 1971 Second) applied. See footnote 1, supra.