REPUBLIC UNDERWRITERS
INSURANCE COMPANY, a
corporation, Appellee,

v.

FIRE INSURANCE EXCHANGE, a
reciprocal insurer, Appellant.

No. 54392.

Supreme Court of Oklahoma.

May 18, 1982.

Rehearing Denied Jan. 12, 1983.

Green, James & Williams by Kenneth W. Elliott, Oklahoma City, for appellant.

Donald Church, Church & Roberts, Tulsa, for appellee.

HARGRAVE, Justice.

This action was tried without a jury to the court upon stipulated facts. Republic Underwriters Insurance Company pled a cause of action for equitable subrogation. The defendant, Fire Insurance Exchange, demurred on the basis that the applicable statute of limitation barred the bringing of the action. The trial court overruled that demurrer and after an adverse judgment defendant appealed. The cause was assigned to the Court of Appeals and its decision reversed the trial court, stating the provisions of a special statute of limitations governed the bringing of the action, being 36 O.S.1981 § 4803. That statute was determined to bar the cause from prosecution. A Writ of Certiorari has previously issued and the cause appears before this Court for decision.

The insured parties, Robert and Fawn Sloan, moved from a Tulsa rental residence to Inola, Oklahoma. Within three weeks that residence was destroyed by fire. At the time of loss, the unscheduled personal property of insureds was covered by two policies. Republic Underwriters' insurance policy had a property coverage limit of $10,-000 and a living expense limit of $4,000. Fire Insurance Exchange had issued a policy with limits of $15,000 unscheduled property and a living expense limit of $3,000.

Notice of loss was received by plaintiff on August 21, 1973; the cause and loss were verified by plaintiff's agent. Payment was made by plaintiff to insureds in the sum of $10,000 for unscheduled personal property, and $701.85 for additional living expense. The payments were necessary and reasonable, resulting from perils insured against in the contracts of both insurors. After proof of loss was furnished by insureds, defendant denied liability and made no payment as a result of the loss. In this action, plaintiff makes demand on defendant for a pro-rata reimbursement; previous demand was refused.

The Court of Appeals determined the trial court erred in failing to apply 36 O.S.1981 § 4803, which requires all fire insurance policies to contain the following provision:

"No suit or action *on this policy* for the recovery of any claim shall be sustainable in any court of law or equity unless all the requirements of this policy have been complied with, and unless commenced within twelve (12) months next after the inception of the loss." (Emphasis added.)

The Court of Appeals determined that any right of equitable subrogation against defendant would be based upon the contractual obligation of the defendant to the plaintiff's insured, and plaintiff's rights under that contract cannot rise any higher than those of the insured, and thus the last cited statute was a proper defense to plaintiff's claim.

Plaintiff sought equitable subrogation of its loss from defendant. Title 36 O.S.1981 § 4803 does not apply to this cause of action. Section 4803 limits the bringing of an action "on this policy" of fire insurance. This statute speaks only to an action on the contract of insurance, and does not restrict the general equity power of the courts to the doctrine of subrogation which results (not from contract) from the natural justice of placing the ultimate burden

where it ought to rest and does not flow from a fixed rule of law but rather from principles of justice, equity and benevolence producing a purely equitable result depending on the circumstances of the cause. *Smith v. Minter,* 200 Okl. 208, 191 P.2d 929 (1948). This Court has recently noted that subrogation in one of its forms, denominated legal or equitable, is an equity action which does not depend on contract but rather on the equity of the parties, generally arising through operation of law. *General Creditors of Est. of Harris v. Cornett,* 416 P.2d 398 (Okl.1966). Several recent cases from this jurisdiction confirm our commitment to the point that legal or equitable subrogation, as distinguished from conventional subrogation, is not an action arising out of contract but from general equity principles. *Lawyers' Title Guaranty Fund v. Sanders,* 571 P.2d 454 (Okl.1977). *Mid-Continent Casualty Co. v. First National Bank & Trust of Chickasha,* 531 P.2d 1370 (1975). See also *Thurston National Ins. Co. v. Zurich Ins. Co.,* 296 F.Supp. 619 (D.C.Okl. 1969), and *Jorski Mill & Elevator v. Farmers Elevator Mutual Ins. Co.,* 404 F.2d 143 (C.A. 10th Cir.1968).

▄ Having determined that 36 O.S.1981 § 4803 does not apply to this equitable subrogation action, the appellee is correct in noting the applicable limitation statute in this cause is 12 O.S.1981 § 95, Subd. 2. This Court specifically so held in the case of *T & S Investment Co. v. Coury,* 593 P.2d 503 (Okl.1979). In that case, the last sentence of the penultimate paragraph states:

"We hold that 12 O.S.1971 § 95, Second, applies to all unwritten contracts whether they be expressed, implied-in-fact or *implied-in-law.*" (Emphasis added.)

The record stands unrefuted on the point that the action was brought within three years after the action could have first been successfully maintained.

Appellant's briefs address a second point not answered in the prior opinion brought here on the writ of certiorari inasmuch as the resolution of the appeal for defendant-appellant on the limitation question rendered it superfluous. This proposition as stated by appellant is that when each of several insurance policies cover the same risk and contain a pro rata clause, the several contracts are independent and each insurer binds itself to pay its own proportion of the loss and there is no right of contribution in favor of either insurer. The pro rata clause[1] dealt with here attempts to limit insurance coverage to a proportionate part of the contract to all insurance covering the loss whether the other insurance is collectable or not.

A simple reading of the pro rata clause demonstrates the insurer did bind itself to pay its proportionate share of the loss. Despite this fact, the appellant contends the appellee should be considered a volunteer as to its payment over the proportionate amount, and should be left with the comforting maxim that the law will not aid a volunteer as a response to its attempt to enforce a proportionate share of the loss upon appellant as provided in the contract. In support of this attempt to skirt the contractual obligation to pay a proportionate share of the loss, *Commercial Union Ins. Co. of New York v. Farmers Mutual Fire Ins. Co.,* 457 S.W.2d 224 (Mo.App.1970) is cited as follows, although appellant admits Oklahoma has not embraced this theory:

"... On the other hand, if the several insurers restrict their obligation by agreeing to pay only that proportion of the loss as the amount insured by the respective insurers bears to the total insurance covering the property against the peril involved, then none of them has a right of contribution against the others because each contract is independent of the other contracts."

▄ Irrespective of this authority which limits *contribution* rights to contracts evincing a common or concurrent liability, this Court is unwilling to impede early pay-

---

1. Pro rata liability—This company shall not be liable for a greater portion of any loss than the amount hereby insured shall bear to the whole insurance covering the property against the peril involved, *whether collectable or not.* (Emphasis added.)

ment of an insured's loss by characterizing the carrier paying the full loss as a volunteer in the event it is later determined that there existed more than one insurance contract. The doctrine of legal subrogation as recognized in this state is broad enough to place the responsibility for payment where it should, in equity and good conscience, finally repose, and the trial court correctly so held. The principle of legal subrogation has been characterized in this jurisdiction as a classic remedy in equity; a fluid concept depending on each case's facts and circumstances based upon the natural justice of placing the ultimate responsibility for a loss where it ought finally to repose without the form of a rigid rule of law. *Lawyers' Title Guaranty Fund v. Sanders, supra.* Subrogation is a creature of equity intended to achieve the natural justice of placing the burden where it ought to rest, and unlike a fixed rule of law, subrogation is pliable and capable of being molded to attain justice to compel the ultimate discharge of a debt or obligation by the party who in good conscience ought to pay it. *Mid America Trailer Sales, Inc. v. Moorman,* 576 P.2d 1194 (Okl.App.1977). The observation made above that appellant contracted to pay his proportionate share of the loss determines that the ultimate responsibility for that proportion should be transferred ultimately to its shoulders. This the trial court did, and the decision of the Court of Appeals reversing is VACATED and the judgment of the trial court is AFFIRMED.

All Justices concur except SIMMS, J., who dissents.