## 2009 OK 26

### In the Matter of AMENDING AND REVISING OKLAHOMA UNIFORM JURY INSTRUCTIONS–CIVIL–Number 1.7, 3.26, 6.16, 21.4, 21.7, 23.10, and 23.31.

#### SCAD No. 2009–41.

Supreme Court of Oklahoma.

April 29, 2009.

¶0 ORDER ADOPTING AMENDMENTS TO OKLAHOMA UNIFORM JURY INSTRUCTIONS–CIVIL (SECOND EDITION)

¶1 The Court has reviewed the report and recommendations of the Oklahoma Supreme Court Committee for Uniform Civil Jury Instructions requesting adoption of the proposed revisions. The Court accepts the report and finds the revisions should be adopted as modified by the Court.

¶2 It is therefore ordered, adjudged and decreed that the revisions to the instructions shall be available for access via the internet from the Court website at *www.oscn.net* and provided to West Publishing Company for publication. The Administrative Office of the Courts is requested to duplicate and provide copies of the revisions to the judges of the

District Courts and the District Courts of the State of Oklahoma are directed to implement these revisions effective thirty (30) days from the date of this Order.

¶ 3 It is therefore ordered, adjudged and decreed that the amendments to existing Oklahoma Uniform Jury Instructions–Civil (Second Edition), and the adoption of new instructions, as set out in the following designated instructions and attached to this Order, are hereby adopted: Instruction Nos. 1.7, 3.26, 6.16, 21.4, 21.7, 23.10, and 23.31.

¶ 4 The Court also accepts and authorizes the updated committee comments, as modified by the Court, to be published, together with the above referenced revisions and each amended page in the revisions to be noted at the bottom thereof as follows (2009 Supp.).

¶ 5 As it did so previously, the Court today declines to relinquish its constitutional or statutory authority to review the legal correctness of these authorized instructions when it is called upon to afford corrective relief in any adjudicative context.

¶ 6 These amended instructions shall be effective thirty (30) days from the date this Order is filed with the Clerk of this Court.

¶ 7 **DONE BY ORDER OF THE SUPREME COURT IN CONFERENCE THIS 27th DAY OF APRIL 2009.**

/s/ James E. Edmondson
CHIEF JUSTICE

¶ 8 ALL JUSTICES CONCUR.

**Instruction No. 1.7**

### Cautionary Instruction—Note Taking by Jurors

I have given you note pads and pens. You may take notes during the presentation of evidence in this case. I do not require that any juror take notes. This is entirely up to you. If you take notes, remember this:

1) Take notes sparingly. Do not try to write down all the testimony. The purpose of taking notes is to help you remember. They should not take the place of your independent memory of the testimony. Notes are helpful when dealing with measurements, times, distances, identities and relationships.

2) You must pass on the credibility of the witnesses, and to do so, you must observe them. Do not let note taking distract you from this duty.

3) If you do not take notes or take only a few notes, do not let your own independent recollection of the evidence be influenced solely by the fact other jurors have taken notes.

4) Your notes are for your private use only. Do not share your notes with any other juror during the presentation of the case. You may discuss your notes only with other jurors and only after the case is submitted to you for deliberation.

During recesses and at the end of the day, leave your note pad in the courtroom. We will lock the courtroom at night and during the noon recess.

You will have access to your notes during deliberations. After the trial is over, please leave your pads and pens in the deliberation room. No one will read your notes. They will not be included in the official record in this case. The notes will be destroyed.

### Notes on Use

This Instruction is not intended as an endorsement of juror note taking. Whether to permit note taking by jurors remains in the trial judge's discretion. However, this Instruction should be given IF the court permits jurors to take notes. If this Instruction is given, Instruction No. 1.10 must also be given.

### Comments

This Instruction is based on one suggested by the Oklahoma Supreme Court in *Sligar v. Bartlett*, 1996 OK 144, 916 P.2d 1383, 1387 n. 2.

**Instruction No. 3.26**

### Presentation of Animations as Visual Aids

[**Name of Party**] is about to present a **video/computer animation/[other]** as a visual aid to the jury in understanding certain testimony or evidence presented at trial by illustrating and explaining that testimony or

evidence. The **video/computer animation/[other]** represents only a re-creation of **[Name of Witness]**'s version of the event and should in no way be viewed as an actual re-creation or recording of the event. Because the **video/computer animation/[other]** is only intended to assist you in your role as jurors, you may accept or reject the **video/computer animation/[other]** in whole or in part.

## Notes on Use

This Instruction may be given contemporaneously with the presentation of video, computer-based, or other demonstrative evidence. It should be modified as appropriate if the demonstration is for a scientific principle, instead of an event.

## Committee Comments

This instruction is based on the discussion in *Tull v. Federal Express Corp.*, 2008 OK CIV APP 105, ¶ 38, 197 P.3d 495, 502, of the use of animations as demonstrative aids.

## Instruction No. 6.16
### Employer Liability—Substantial Certainty Test

For **[Plaintiff]** to recover from **[Defendant]** for **his/her** injury, **[Plaintiff]** must prove by the greater weight of the evidence:

1. The conduct of **[Defendant]** was intentional; *and*

2. **[Defendant]**'s conduct caused injury to **[Plaintiff]**; *and*

3. Either:

   A. **[Defendant]** desired to bring about the injury; or

   B. **[Defendant]** knew that injury to **[Plaintiff]** was substantially certain, and not merely likely, to occur. You may infer the knowledge of **[Defendant]** from the conduct of **[Defendant]** and all the surrounding circumstances.

## Notes on Use

If either of the alternatives in Paragraph 3 is not supported by the evidence, that alternative should be omitted.

## Committee Comments

This Instruction is based on *Parret v. Unicco Serv. Co.*, 2005 OK 54, ¶ 24, 127 P.3d 572, 579:

In order for an employer's conduct to amount to an intentional tort, the employer must have (1) desired to bring about the worker's injury or (2) acted with the knowledge that such injury was substantially certain to result from the employer's conduct. Under the second part of this standard, the employer must have intended the act that caused the injury with knowledge that the injury was substantially certain to follow. The issue is not merely whether injury was substantially certain to occur, but whether the employer knew it was substantially certain to occur. The employer's subjective appreciation of the substantial certainty of injury must be demonstrated. In most cases, however, it will be necessary to demonstrate the employer's subjective realization by circumstantial evidence. Thus, an employer's knowledge may be inferred from the employer's conduct and all the surrounding circumstances.

## Instruction No. 21.4
### Wrongful Discharge—Public Policy Exception—Employment Discrimination

There is an exception to the general rule that an employment contract is terminable at will, if an employee is discharged in violation of the public policy against unlawful employment discrimination. **[Plaintiff]** claims to have been wrongfully discharged by **[Defendant]** because of [**his/her**] [**set out Plaintiff's protected status**]. In order to prevail on the claim of wrongful discharge in violation of public policy, **[Plaintiff]** must show by the weight of the evidence that:

1. **[Plaintiff]** was discharged from [**his/her**] employment with **[Employer]**;

2. **[Plaintiff]** is [**set out Plaintiff's protected status**].

3. A significant factor in **[Defendant]**'s discharge of **[Plaintiff]** was unlawful employment discrimination against [**him/her**] because of [**his/her**] [**set out Plaintiff's protected status**]; and

4. **[Plaintiff]** was damaged as a result of the discharge.

### Notes on Use

This Instruction should be used with Instruction Nos. 21.1, 21.7, 21.9, and 21.11 in cases where the plaintiff *is* relying on the public policy exception to the employment at will doctrine and claiming that the discharge was on account of employment discrimination. For an Instruction where the plaintiff's claim is that the discharge was in retaliation for plaintiff's refusal to act in violation of an established and well-defined public policy, see Instruction No. 21.2, *supra.* For an Instruction where the plaintiff's claim is that the discharge was in retaliation for plaintiff's performing an act consistent with a clear and compelling public policy, see Instruction No. 21.3, *supra.*

### Comments

In *Tate v. Browning–Ferris, Inc.,* 1992 OK 72, ¶ 10, 833 P.2d 1218, 1225, the Oklahoma Supreme Court held that the public policy exception was applicable to a racially motivated discharge or one in retaliation for an employee's filing a racial discrimination complaint. Later, in *Kruchowski v. Weyerhaeuser Co.,* 2008 OK 105, ¶ 23, 202 P.3d 144, and *Shirazi v. Childtime Learning Center,* 2009 OK 13, ¶ 12, 204 P.3d 75, the Supreme Court decided that the public policy exception also applied to victims of unlawful discrimination, because victims of all forms of employment discrimination, including race, color, religion, sex, national origin, age and handicap, must receive evenhanded treatment under art. 5, § 46 of the Oklahoma Constitution.

### Instruction No. 21.7
### Employee Discharged Because Of Discrimination

In order to prevail on the claim of wrongful discharge **[Plaintiff]** must show that **[Defendant]** discharged **[him/her]** because of **[his/her]** **[set out the protected status]**. You are instructed that under **[federal and/or Oklahoma]** law an employee may not be discharged because of **[his/her]** **[set out the protected status]**.

### Notes on Use

Included among the typical categories of protected status under federal and Oklahoma law are race, color, national origin, religion, gender, disability, and age. Additional categories may be protected under constitutional, statutory, and decisional law. The judge has the responsibility of determining whether the plaintiff has a protected status.

### Comments

The Oklahoma Supreme Court held in *Tate v. Browning–Ferris, Inc.,* 1992 OK 72, ¶ 10, 833 P.2d 1218, 1225, that the public policy exception was applicable to a racially motivated discharge. Later, in *Kruchowski v. Weyerhaeuser Co.,* 2008 OK 105, ¶ 23, 202 P.3d 144, and *Shirazi v. Childtime Learning Center,* 2009 OK 13, ¶ 12, 204 P.3d 75, the Supreme Court decided that the public policy exception also applied to victims of unlawful discrimination, because victims of all forms of employment discrimination must receive evenhanded treatment under art. 5, § 46 of the Oklahoma Constitution.

### Instruction No. 23.10
### Quasi–Contract (Quantum Meruit Or Quantum Valebant)

You may determine that **[Defendant]** is liable to **[Plaintiff]** for **[describe the goods or services that the plaintiff provided to the defendant]**, if you find that:

1. **[Plaintiff]** **[furnished/rendered]** valuable **[goods/services]** to **[Defendant]** with a reasonable expectation of being compensated;

2. **[Defendant]** knowingly accepted the benefit of the **[goods/services]**; and

3. **[Defendant]** would be unfairly benefitted by **[(the services)/(receiving the goods)]** if no compensation were paid to **[Plaintiff]**.

If you find all of these elements are satisfied, then you should return a verdict for **[Plaintiff]** in an amount that reasonably represents the fair value of the **[goods/services]** that **[Plaintiff]** **[furnished/rendered]** to **[Defendant]**.

Notes on Use

This Instruction applies to cases where recovery of the reasonable value of goods or services is sought under a quasi-contract theory. For an Instruction for implied in fact contracts, see Instruction No. 23.7.

Comments

In appropriate cases, a party may have an obligation under a quasi-contract where there is no actual contract, either express or implied. The Oklahoma Supreme Court described the distinction between a contract and a quasi-contract in *T & S Inv. Co. v. Coury,* 1979 OK 53, 593 P.2d 503, as follows:

A "quasi" or constructive contract is an implication of law. An "implied" contract is an implication of fact. In the former the contract is a mere fiction, imposed in order to adapt the case to a given remedy. In the latter, the contract is a fact legitimately inferred. In one the intention is disregarded; in the other, it is ascertained and enforced. In one, the duty defines the contract; in the other, the contract defines the duty.

1979 OK 53, ¶ 5, 593 P.2d at 504–05 (quoting from *Berry v. Barbour,* 1954 OK 358, ¶ 22, 279 P.2d 335, 338).

The Oklahoma Supreme Court emphasized unjust enrichment as the basis of recovery in quasi-contract in *Conkling's Estate v. Champlin,* 1943 OK 282, 141 P.2d 569, 193 Okla. 79. It explained:

The relations are remedial in assumpsit and hence contracts arising from facts and circumstances independent of agreement or presumed intention; whereas in express and implied contracts the intention of the parties is the essence of the transaction. The duty is not infrequently found on the doctrine of unjust enrichment.

1943 OK 282, ¶ 4, 141 P.2d at 570, 193 Okla. at 80. A claim for unjust enrichment is generally equitable, and therefore, a jury instruction is not needed for most unjust enrichment claims. *Harvell v. Goodyear Tire & Rubber Co.,* 2006 OK 24, ¶ 18, 164 P.3d 1028, 1035 ("Where the plaintiff has an adequate remedy at law, the court will not ordinarily exercise its equitable jurisdiction to grant relief for unjust enrichment."); *Waggoner v. Johnston,* 1965 OK 192, ¶ 10, 408 P.2d 761, 766 ("[I]n an equitable action, trial by jury is not a matter of right."); *N.C. Corff Partnership, Ltd. v. OXY USA, Inc.,* 1996 OK CIV APP 92, ¶ 25, 929 P.2d 288, 295 ("A right of recovery under the doctrine of unjust enrichment is essentially equitable, its basis being that in a given situation it is contrary to equity and good conscience for one to retain a benefit which has come to him at the expense of another."). However, an action on a common count, such as for money had and received or quasi-contract, is an action at law that is triable to a jury. *Sarber v. Harris,* 1962 OK 4, ¶ 5, 368 P.2d 93, 95; *Sholer v. State × rel. Dep't Public Safety,* 1997 OK 89 n. 4, 945 P.2d 469, 479 n. 4

In *Welling v. American Roofing & Sheet Metal Co., Inc.,* 1980 OK 131, 617 P.2d 206, the Oklahoma Supreme Court adopted the following measure of damages for quasi-contract cases:

The measure of damages in a quasi-contract action is the amount which will compensate the party aggrieved for the detriment proximately caused thereby, and, if the obligation is to pay money, the detriment caused by the breach in the amount due by the terms of the obligation.

1980 OK 131, ¶ 15, 617 P.2d at 209–10.

**Instruction No. 23.31**
### Lack Of Capacity

Lack of capacity at the time a contract is made relieves a party of the duty to perform the contract. A person lacks capacity if [he/she] is unable to understand the nature of the contract and the consequences of [his/her] agreement. In this case, [**Defendant**] must prove by clear and convincing evidence that [he/she] lacked capacity due to [**state grounds for lack of capacity**]. This means you must be persuaded, considering all the evidence in the case, that it is highly probable and free from serious doubt that [he/she] lacked capacity.

Notes on Use

Grounds for lack of capacity include mental illness, mental incompetence, and intoxication. Another ground for lack of capacity

is that the party is under 18 years old, but this would present a jury question only in unusual circumstances. Other grounds for lack of capacity are discussed in the Comments below.

## Comments

A number of statutes dealing with the capacity to contract are found at 15 O.S.2001 §§ 11–34. Section 11 provides that "all persons are capable of contracting, except minors, persons of unsound mind, and persons deprived of civil rights," except that with the approval of the Director of the Department of Corrections, prisoners may make employment contracts. Minors are defined as persons under 18 years of age in Section 13. Section 18 provides that minors may make contracts that do not relate to real property, but under Section 19, a minor's contracts (other than contracts for necessaries and those involving motor vehicles) are subject to disaffirmance until one year after the minor reaches majority. Section 22 provides that a person who is "entirely without understanding" is without power to make a contract, but such a person is liable for necessaries. Section 23 provides that the contract of a person who is of "unsound mind, but not entirely without understanding" is subject to rescission, if it was made before the person's incapacity has been judicially determined. Lack of capacity to contract can arise from intoxication. *Coody v. Coody,* 1913 OK 649, ¶ 1, 136 P. 754, 755, 39 Okla. 719, 722, ("Intoxication which is absolute and complete, so that the party is for the time entirely deprived of the use of his reason and is wholly unable to comprehend the nature of the transaction and of his own acts, is a sufficient ground for setting aside or granting other appropriate affirmative relief against a conveyance or contract made while in that condition, even in the absence of fraud, procurement, or undue advantage by the other party."). Another statute dealing with capacity is 30 O.S.2001, § 1–111(12). There is a presumption in favor of a person's capacity to contract, which requires clear and convincing evidence to overcome. *See Cushing v. McWaters,* 1918 OK 608, ¶ 3, 175 P. 838, 839, 71 Okla. 138, 138, ("[W]here a party enters into a contract, the presumption is in favor of his or her

capacity to contract."); *Sooner Fed. Sav. & Loan Ass'n v. Smoot,* 1987 OK 7, ¶ 11, 735 P.2d 555, 558 ("The evidence presented to establish [the grantor's] incompetence must itself be of a clear and convincing nature to overcome the presumption of competence.").