**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JAN 26 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

MGM GRAND HOTEL, DBA MGM Grand

Plaintiff-Appellee,

v.

KEVIN CHANG SHENG LONG,

Defendant-Appellant.

No.   22-16950

D.C. No.
2:21-cv-01476-APG-NJK

MEMORANDUM*

Appeal from the United States District Court
for the District of Nevada
Andrew P. Gordon, District Judge, Presiding

Argued and Submitted January 10, 2024
Pasadena, California

Before:  RAWLINSON, MELLOY,** and H.A. THOMAS, Circuit Judges.

Kevin Chang Sheng Long appeals the district court's grant of summary

judgment to MGM Grand Hotel ("MGM") on MGM's claims to collect a gambling

debt against him. We have jurisdiction under 28 U.S.C. § 1291. "We review de

novo a district court's grant of summary judgment, considering the record in the

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The Honorable Michael J. Melloy, United States Circuit Judge for the U.S. Court of Appeals for the Eighth Circuit, sitting by designation.

light most favorable to the non-moving party." *G & G Closed Cir. Events v. Liu*, 45 F.4th 1113, 1115 (9th Cir. 2022). We affirm.

1. Long disputes the authenticity and validity of certain markers[1] that MGM provided him while he stayed there in late 2018, claiming that he has raised a material dispute over the amounts owed to MGM. But the district court did not err in granting summary judgment to MGM on this claim. The only evidence to which Long points consists of a declaration in which he states that he "dispute[s] the validity and authenticity" of the markers because he was "not present in Las Vegas on the days those instruments are dated." Under Nevada law, however, a casino may complete a credit instrument after it has been signed. *See* Nev. Rev. Stat. § 463.368(2). And Long's credit application expressly granted MGM permission to complete the date information on the markers. Long, moreover, made significant payments on the markers, amounting to $1,864,675 of his $8,660,400 debt. All facts on the record are therefore consistent with the existence of a valid agreement between MGM and Long. And Long's "conclusory, self-serving" statement in his affidavit that he disputes the validity of the agreements "is insufficient to raise a genuine issue of material fact." *Bohmker v. Oregon*, 903 F.3d 1029, 1044 (9th Cir.

---

[1] "A marker is a gambling credit instrument that allows a gambler to receive all or part of the credit line the casino has approved for him . . . . Once the gambler and a casino representative sign the marker, the gambler may exchange the marker for gambling tokens, or chips." *Las Vegas Sands, LLC v. Nehme*, 632 F.3d 526, 529 (9th Cir. 2011).

2018) (quoting *FTC v. Publ'g Clearing House, Inc.*, 104 F.3d 1168, 1171 (9th Cir. 1997)).

2. Long also argues that, even if he initially agreed to pay the amounts on the disputed markers, he lacked the capacity to consent to such an agreement because he was intoxicated at the time the markers were presented to him. Under Nevada law, a "person incurs only voidable contractual duties by entering into a transaction if the other party has reason to know that by reason of intoxication" he is unable to "understand . . . the transaction" or to "act in a reasonable manner in relation to the transaction." *LaBarbera v. Wynn Las Vegas, LLC*, 422 P.3d 138, 141 (Nev. 2018) (quoting Restatement (Second) of Contracts § 16 (Am. L. Inst. 1981)). To void the contract, Nevada "recognizes a duty on the part of an intoxicated person to promptly disaffirm the contract." *Id.*

Long points to no evidence that he disaffirmed any agreement with MGM. On the contrary, the record shows that Long made multiple payments on the markers between 2018 and 2020. MGM sent Long a letter in March of 2021 providing him with the total amount of his outstanding debt and warning him that it would seek to enforce the debt unless he disputed its validity within 30 days. The record contains no evidence that Long ever responded. Accordingly, even if Long has raised a valid dispute regarding his level of intoxication, the undisputed facts show that Long ratified the markers after his visit to MGM.

3. Long makes several arguments that the district court erred in granting summary judgment to MGM on its conversion claim. None of these arguments, however, was raised before the district court. "Absent exceptional circumstances, we generally will not consider arguments raised for the first time on appeal . . . ." *AMA Multimedia, LLC v. Wanat*, 970 F.3d 1201, 1213 (9th Cir. 2020). And Long points to no "exceptional circumstances" here.

**AFFIRMED.**